LEWIS et al., Respondents, v. WM. MYERS et al., Appellants.

Where the declaration was upon a note, and there was but one count, and the court found that the note was never given, but that the indebtedness of defendant to plaintiff was for merchandise sold: Held, that the finding was against the averment, and could not support the judgment.

APPEAL from the Superior Court of the City of San Francisco.

The declaration alleged, that on the 16th May, 1851, defendant, Myers, was indebted to plaintiffs, in the sum of $778, for goods, wares, and merchandise, sold and delivered, &c., and that said defendant there, &c., made and delivered his promissory note, payable to and endorsed by defendant Haas, in payment of said indebtedness, to said plaintiffs; for the said sum of $778, payable six months after date. That after the delivery of the said note to plaintiffs, it went casually out of his possession, and into the possession of said defendant, Haas, though still the property of the plaintiffs, and not endorsed by them; that Haas kept the said note, and refused to return it to plaintiffs, and defendant Myers, did not pay the same to plaintiffs, though demanded, &c., of which Haas had notice.

The process was served on Myers only, who answered, and denied all the allegations of the complaint, except those admitted, and admits his indebtedness for merchandise, &c., and avers that on the said 16th May he made and delivered his draft on Messrs. L. Haas & Co., for $778, payable six months after date, which was endorsed and delivered to plaintiffs, in payment of said indebtedness; that said draft was accepted by said Haas & Co., and defendant avers that he has since fully paid and satisfied the same in the hands of the Messrs. Haas, and has it now in his possession ready to produce, &c. And denies his liability to plaintiffs for the said sum, and asks to be dismissed.

Several witnesses were examined, and the parties having waived a jury, the case was submitted to the court, who found,

That the defendant, Myers, bought of the plaintiff on the 16th May, 1851, a quantity of merchandise, for the sum of

$778, which was to have been paid by a note, which note was never given, and found that the said indebtedness had never in any manner been paid.

The court refused a new trial, and entered judgment for plaintiffs for $778, with interest, &c.    Defendants appealed.

*Cooke*, for appellants.

The note declared upon was not proved or produced by plaintiffs.

The court base their judgment solely on the sale of goods, and not upon the note. The averment that goods were sold, &c., is only inducement; the note is the real cause of action. The judgment is therefore not supported.    8 Johns. 149; 1 do. 33, and cases cited.

*Brooks* and *M' Cracken*, for respondents.

The note was shown to have come into the hands of defendant without payment.    It was not necessary for plaintiffs to produce it, the form of action giving the defendant notice to produce it.

The court found the substance of the issue. The variance is immaterial, and substantial justice has been done.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

The declaration is upon a note, and there is but the one count.

The court finds that the note was never given, but that the amount of indebtedness from the defendant to plaintiffs, was for merchandise sold.

There is no plainer principle than that the *allegata* and *probate* must correspond.

The finding is against the averments, and it follows that the latter cannot support the judgment.

Judgment reversed, and cause remanded.