## HOUSE v. KEISER.

The statute concerning forcible entry and unlawful detainer must be strictly construed. A mere scrambling or interrupted possession is not sufficient to maintain the action, but it must be actual, peaceable, and exclusive.

This action can only be maintained by the person ousted; his grantee cannot maintain the action.

APPEAL from the County Court of Placer County.

Action of forcible entry and unlawful detainer, brought by plaintiff, House, before a justice of the peace, against Samuel and Jacob Keiser. Judgment for defendants, and plaintiff appeals to the County Court, where a trial *de novo* is had, and judgment rendered for plaintiff, and against defendant, Samuel Keiser, for the possession of the premises, and treble damages. Defendant moves for a new trial, which being denied, he took this appeal.

The evidence on the trial in the County Court shows, that Samuel Keiser had used a portion of the premises in dispute, about two months before plaintiff's purchase, and claimed the whole under an execution-sale of the premises, as the property of one Morrison, through whom plaintiff derived his title. And at the time of the sale to plaintiff, defendant had then plowed and sowed a small portion of the premises.

*Thomas & Meyres* for Appellant.

House was not peaccably in actual possession at the time of the alleged entry. He alleges that he took possession on the twenty-third of April, 1856, but the evidence shows that defendant was then in possession, and had been from the eighteenth of

February preceding, and that plaintiff's temporary possession, which he usurped on the day before the alleged entry, was opposed, disturbed, and obstructed, by defendant, who claimed the ground and held the claim adversely. Defendant was in actual possession, and plaintiff attempted to oust him, and hence the threats, force, etc.

Defendant did not forcibly enter, which should have been shown. Frazier v. Hanlon, decided in this Court, July T., 1855.

Defendant entered on the eighteenth of February, 1856, and held peaceably (notwithstanding plaintiff's alleged possession on twenty-third April) till the day before the difficulty. He then objected to plaintiff's cutting and taking the grain away, and plaintiff left with half a load. Next day, defendant was on the inside of the fence, or enclosure, and held his possession, which he had a right to do ; for he purchased the premises on the eighteenth of February, 1856, at sheriff's sale, and took possession, and the time for redemption had expired before the trial. 9 Cowen, 687.

There was no evidence to show the plaintiff was peaceably in the actual possession at the time of the alleged entry ; nor that defendant forcibly entered ; nor that waste and injury were done to the premises ; nor that the rents and profits were of any value, and a nonsuit should have been granted. 1 Cal. R., 108.

Title to the land was necessarily involved, and ejectment was the proper action.

*Crocker & Robinson* for Respondent.

This was an action for forcible entry and detainer. There is no objection to the pleadings.

The questions of force and possession have been passed on by the jury, and there is evidence sufficient to sustain the verdict.

Section twelve of Forcible Entry Act, Cod. S., 170, gives damages for waste and injury, as well as rents and profits.

In this case, the growing crops were taken. The word "injury" would fully include that as damage. Webster's Dictionary, word "injury."

Rents and profits would also cover the crops, and it is not necessary that waste alone should accrue.

The statute requiring the verdict to find the monthly value, is only directory, and does not injure the defendant, if not found. No one but the plaintiff could find fault.

The proceedings commenced in a Justice's Court, and will not be so strictly construed, as in a high Court. Barnes v. Stark, 4 Cal. R., 414–15 ; Statutes 1856, p. 134, subdivision 9 ; Cronise v. Carghill, 4 Cal., 120 ; Hernandez v. Simon, 4 Cal., 182 ; Ward & Co. v. Cooney, July T., 1854.

There was no effort to raise the question of title in this case,

except by defendant, who sets up and tried to prove a title by virtue of a sheriff's sale; which was wholly inadmissible.

If he has any rights, he must bring a proper suit and test his right. He cannot take possession by force, or peaceably. People v. Godefroy, 1 Hall's Rep., Supreme Court, New York, 245, and authorities cited; People v. Nelson, 13 J. R., 40; 8 Cowen, 226; Jackson v. Fuller, 4 J. R., 215; Lane v. Gaskins, Jan. T., 1854.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., concurring.

The statute " concerning forcible entry and unlawful detainer," is in derogation of the common law, and must be strictly construed. A party, therefore, who desires to avail himself of the summary remedy provided by this act, must bring himself clearly within its provisions. He must show a possession, *actual*, *peaceable*, and exclusive; a mere scrambling or interrupted possession, or the exercise of casual acts of ownership over the premises, is not sufficient.

The record in this case does not show such possession, in the plaintiff—on the contrary, the evidence raises a strong presumption that defendant's entry was made before plaintiff's right of possession accrued; and it is well settled that this action, being for injury to possession, can only be maintained by the person who was in actual possession at the time of the entry, and not by his grantee, or reversion.

Judgment reversed.