## CUMMINS v. SCOTT.

THE commencement to build a fence for the purpose of inclosing a parcel of public land is not of itself, without the aid of other facts, a possession of the tract intended to be inclosed.

*Preston* v. *Kehoe* (15 Cal. 315) affirmed.

In order to establish possession in an action for forcible entry and unlawful detainer by the aid of the Act of 1852 concerning possessory actions, it is indispensable for the plaintiff to prove that the premises upon which the defendant entered are within the lines described in the affidavit required by said act to be recorded.

Proof of the location under that act of a tract of one hundred and sixty acres, and of the occupation of thirty or forty acres, together with testimony that defendant's entry was within lines claimed by plaintiff as his boundary, is not sufficient. The proof must show that the boundaries described in the affidavit include the land entered upon.

Where the evidence is conflicting, this Court will not interfere with a verdict; but where there is no evidence upon a point essential to sustain the verdict, a new trial will be ordered.

APPEAL from the County Court of Marin County.

This action was commenced in a Justice's Court, and appealed to the County Court, and there tried *de novo*. Verdict and judgment being for plaintiff, defendant moved for a new trial, which was refused, and from this order the appeal is taken. The facts are sufficiently stated in the opinion.

*John Reynolds*, for Appellant, cited *Frazer* v. *Hanlon*, 5 Cal. 156; *Minturn* v. *Burr*, 16 Id. 107; *Preston* v. *Kehoe*, 15 Id. 315; *House* v. *Kaiser*, 8 Id. 499.

*C. M. Brosman*, for Respondent, cited *Barnes* v. *Stark*, 4 Cal.

412; 6 Id. 63; *Smith* v. *Morrow,* 7 B. Mon. 284; *Martin* v. *Simpson,* 14 McCord, 262; *Bennet* v. *Hethington,* 16 Serg. & Rawle, 193.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action brought under the act concerning forcible entries and unlawful detainers.

The plaintiff gave in evidence an affidavit and the record thereof, to show the location of a claim to an hundred and sixty acres of land, under the act prescribing the mode of maintaining and defending possessory actions on public lands in this State, and also proved the inclosure and occupancy of thirty or forty acres of land, and the ownership of a house thereon, of the value of three or four hundred dollars. He then proved that he was in the act of building a fence along a certain line, when the defendant came and pulled down a portion of the fence, and built or extended a fence of his own upon a portion of the ground which the plaintiff claimed. The fence which the plaintiff was building did not form an inclosure, but was the commencement of what was intended to be an inclosure. He did not prove an actual occupancy, other than the commencement of this fence, of the premises upon which the defendant entered. The commencement of the fence was not of itself, and without aid from other facts, a possession of the premises upon which the defendant entered, and which have been recovered by the judgment in this case. (*Preston* v. *Kehoe,* 15 Cal. 315; *House* v. *Kaiser,* 8 Cal. 499.) The forcible interference with his work by the defendant, however wrongful it may have been, cannot be redressed in this action. Several witnesses testified as to the lines of "plaintiff's claim" as he had pointed them out, and that the premises upon which the defendant entered were within those lines. But no evidence was given that these lines corresponded with the lines in the plaintiff's affidavit, and no reference was made by the witnesses to the affidavit. If they had testified that they knew the boundaries of the tract as described in the affidavit, it might have been urged, perhaps, that they alluded to that tract in speaking of the plaintiff's "claim." But in the absence of any such reference

to the affidavit, or that the witnesses knew of its existence, this claim may as well have referred to any other tract to which the plaintiff claimed a right. In order to recover in this action by the aid of the act concerning possessory actions, it was indispensable to prove that the premises upon which the defendant entered were within the lines described in the plaintiff's affidavit. This is the necessary result of the provisions of the third, fourth and sixth sections of the act. Upon this point no proof was offered. It is not, therefore, a case of conflict of evidence, which this Court would decline to weigh, but of the entire absence of evidence. The verdict, therefore, was against the evidence, and a new trial should have been granted.

Judgment reversed and cause remanded for new trial.