Cummins *v*. Scott.

## CUMMINS *v*. SCOTT.

WHERE an undertaking on appeal is filed within the statutory time, and the sureties are excepted to, and appellant gives notice that they will justify, and both parties appear before the officer at the time fixed for justification, and a new undertaking is then filed in place of the old one, the appeal will not be dismissed because the undertaking was not filed within five days after filing notice of appeal.

It is an essential averment in the complaint, in an action of forcible entry and unlawful detainer, that at the time of the alleged forcible entry, plaintiff was in the actual possession of the premises; and in order to maintain the action, plaintiff must prove this averment on the trial.

APPEAL from the County Court, Marin County.

Plaintiff recovered judgment in the County Court, and defendant appealed. The other facts are stated in the opinion of the Court.

*John Reynolds*, for Appellant.

*H. H. Hartley*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

The respondent moves to dismiss the appeal, on the ground that the undertaking on appeal was not filed within five days after the service and filing of the notice of appeal, as required by Sec. 348 of the Practice Act. The notice of appeal was served and filed February 24th, 1863, and the undertaking was filed March 11th. The record shows, however, that a matter of justification of sureties, on the appeal bond, was heard before the County Judge, on the eleventh day of March, at which a new bond was presented, and approved by the Judge. It states, that " both parties being present, by their counsel, and consenting to a hearing before me, this

eleventh day of March, 1863, and a new bond being furnished, with Benjamin Miller and James T. Stocker as sureties, the following proceedings were had," etc.   This new bond is the one copied into the record, and the whole proceedings show that it was a substitute for one previously filed, and which had been objected to, on the ground of the insufficiency of the sureties; and no objection appears to have been made that the first undertaking was not filed in time.   The motion is therefore overruled.

The action is brought for an alleged forcible entry upon the land of the plaintiff.   The complaint alleges, that the plaintiff had been for a long time, and was at the time of the alleged forcible entry, in the actual possession of the premises; and this is an essential averment, necessary for him to prove, under Sec. 9 of the Forcible Entry Act.   The plaintiff claims, under a declaration filed in the Recorder's office, in pursuance of the Possessory Act.   A portion of the land included in his claim appears to be in dispute, between the plaintiff and the defendant; the latter claiming an adjoining tract and a portion of the tract claimed by the plaintiff.   The plaintiff does not seem to have ever had this disputed tract inclosed, or to have had any other actual possession.   He commenced putting up a fence to inclose it, when the defendant interfered, stopped the work, and tore down part of the fence already built, a short time before the commencement of this action.   The evidence leaves it uncertain where the dividing line between their respective claims is located, and the greater part of the testimony is directed to that point.   The case has been previously before this Court, and will be found reported in 20 Cal. 83.

It is clear, from all the evidence in the case, that it is not within the provisions of the Forcible Entry Act; but the controversy between the parties is one which should be tried in a proper suit, in the District Court, where all questions relating to priority of settlement, location of boundary lines, and the validity and sufficiency of their possessory claims, filed under the Possessory Act, can be fully adjudicated, which they cannot be in the present action.   The evidence does not show an actual possession, by the plaintiff, of the premises in dispute, which is a material fact to sustain the action. The verdict was therefore against law and evidence.

The judgment is reversed and the cause remanded.