## GYLE v. SHOENBAR.

A BROUGHT an action against B, and averred in his complaint that C was indebted to A ; that B promised A to pay C's debt if A would release C, and that in consideration of the promise A did release C : *held*, that the release of C, being the alleged consideration of the promise of B, was an essential fact to be proved, and that unless proved A could not recover.

APPEAL from the District Court, Fifteenth Judicial District, Tehama County.

The facts are stated in the opinion of the Court.

*W. P. C. Whiting*, for Appellant.

Admitting that the promise laid in the complaint, is not within the Statute of Frauds, yet " that plaintiff released Levinson," was an essential averment, necessary to be proved, and without which the promise laid is void, not only by reason of the statute, but for want of any consideration, and because the release was *ex vi termini*, a condition precedent upon the performance of which only the promise was to take effect.

Far as the Courts have gone in upholding claims which, to an ordinary understanding, would seem to be not only within the plain letter of the statute, but to present in themselves excellent illustrations of the very evils the statute was intended to remedy, they have thus far uniformly held, that in cases of promises to pay the debt of a third party, in consideration of his release, " the discharge of the original debtor must be complete and must be proved." ( *Corbett* v. *Cochrane*, 3 Hill, 41 ; *Harrington* v. *Rich*, 6 Vt. 666.) And particularly the case of *Forth* v. *Staunton* (1 Saund. 211), in a note in which the following language is used : " The question whether each particular case comes within this clause of the statute or not, depends on the fact of the original party remaining liable, coupled with the absence of any liability on the part of the defendant or his property, except such as arises from his express promise."

*W. S. Long*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the sum of four hundred and ninety-four dollars and seventy-four cents, which the complaint alleges the defendant promised to pay the plaintiff, if he would release one Levinson from the payment of a debt which the latter owed the plaintiff. The complaint alleges that the plaintiff did release the Levinson debt, and that the defendant was therefore liable to pay the sum agreed upon ; and the Court found that fact in favor of the plaintiff, and accordingly judgment was rendered in his favor, from which the defendant appeals.

The assignment of error is, that there was no evidence to sustain the finding that the Levinson debt had been released by the plaintiff. It appears from the evidence that Levinson was engaged in selling goods in Tehama, when, becoming heavily indebted to various persons, especially the defendant, the latter purchased his stock of goods, notes, and book accounts, in satisfaction of the debt due to him, and for other considerations, as is alleged. The plaintiff testified as a witness on his own behalf, and stated that at the time the defendant bought out Levinson, he promised to pay him his debt against Levinson, which amounted to the sum before stated ; that defendant told him he wanted him to stay in the store, and he would pay him his debt, and the same wages that Levinson had paid him ; that he saw defendant afterward in San Francisco, in April, 1861, when he promised to pay him in two weeks. The plaintiff does not state that he ever released Levinson from the payment of the debt, and after a careful examination of the evidence we are unable to find any evidence to that effect. This release was the alleged consideration of the promise of the defendant, and is an essential fact to be proved, it having been put in issue by the pleadings. (*Lewis* v. *Myers*, 3 Cal. 475.) It may be that it was a mistake of the pleader in averring that such was the consideration of the promise ; but if so he should have corrected the mistake by amending the complaint. Not having done so, his proof must conform to his pleading. No other consideration for the promise is alleged in the complaint or found by the Court ; and

this being unsustained by any evidence, the Court erred in its finding in this respect, and such error constitutes a proper ground for reversing the judgment and ordering a new trial. (*Cummins* v. *Scott*, 20 Cal. 83.)

The judgment is therefore reversed and the cause remanded for a new trial.