[S. F. No. 1037.    Department Two.—June 30, 1899.]

FRANK S. KNOWLES, Respondent, *v.* THE CROCKER ESTATE COMPANY et al., Appellants.

FORCIBLE ENTRY AND DETAINER—DEFECTIVE COMPLAINT—ACTUAL POSSESSION OF PLAINTIFF.—In an action for forcible entry and detainer, the complaint must show that the plaintiff was in actual possession of the property, as distinguished from the constructive possession thereof, when it was invaded by the defendant; and if it merely alleges that plaintiff was in the peaceable and undisturbed possession, it is defective upon special demurrer for uncertainty, if not upon general demurrer.

ID.—SPECIFICATION IN DEMURRER FOR UNCERTAINTY.—The specification in a special demurrer to such complaint for uncertainty, in that it could not be ascertained therefrom "what was the character of the alleged possession of plaintiff of the property described," though not very clear, is sufficient to put the plaintiff upon notice that the complaint is objected to for not specifically alleging actual possession.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Morrison, Foerster & Cope, and George C. Ross, for Appellants.

B. B. Newman, and Edward F. Fitzpatrick, for Respondent.

THE COURT.—Action founded on an alleged forcible entry
upon real property and also a forcible detainer thereof.  In the
first count of the complaint it is alleged, among other things, that
on November 16, 1896, plaintiff was in the peaceable and undis-
turbed possession of certain described lands, and that while he was
so in possession the defendants with force, et cetera, entered
thereon and "in a forcible manner ejected plaintiff and put him
out of said real property" and broke down his fences inclosing
the same.  In the second count of the complaint plaintiff repeats
by reference the allegations of the first, and further avers that
since the said forcible entry the defendants, by force and men-
aces and threats of violence, have held and yet hold possession
of the land aforesaid.  Defendants demurred to each count of
the complaint, on the grounds that it does not state facts suffi-
cient to constitute a cause of action, and for uncertainty in that
it cannot be ascertained therefrom "what was the character of
the alleged possession of plaintiff of the property described."
The court overruled the demurrer, and upon the subsequent
trial of the cause rendered judgment in plaintiff's favor for
restitution of the premises, with treble damages.

The only question of moment made by defendants on appeal
concerns the ruling of the court on the demurrer.  They urge
that the first count of the complaint was bad for that it does
not allege actual possession by the plaintiff at the time of the
forcible entry.  The statute requires that plaintiff shall prove
in actions of this nature that he was "peaceably in the actual
possession at the time of the forcible entry, or was entitled to
the possession at the time of the forcible detainer."  (Code Civ.
Proc., sec. 1172.)  And there is no doubt that in the proceeding
for a forcible entry—as in the first cause of action of the com-
plaint here—the plaintiff must show by his pleading that he
was in actual possession of the property when it was invaded
by the defendant, since it is intrusions upon actual possession—
as distinguished from constructive—for which the statute was
designed to afford a summary remedy.  (*Cummins v. Scott*, 23
Cal. 526; *More v. Del Valle*, 28 Cal. 170; *Voll v. Hollis*, 60 Cal.
569, 573, 574; *Ely v. Yore*, 71 Cal. 130.)

This complaint is unquestionably a defective pleading.
Whether it is so radically defective as to be open to successful

attack upon general demurrer, or whether it may be said that by way of argument and inference it contains averments sufficient to pass a general demurrer, need not here be decided, for we think it beyond question that the ground of special demurrer was well taken, and the amendment to the complaint which must follow the sustaining of the special demurrer should relieve the pleading from the defect complained of under the general demurrer.

The ground of special demurrer, as above pointed out, was that the complaint was uncertain in that it could not be ascertained therefrom "what was the character of the alleged possession of plaintiff of the property described." It may be conceded that the phrase "character of possession" is in itself one of doubtful import. Still, it is a sufficient specification of the ground of uncertainty if it fairly directs the mind of the pleader to the vulnerable point in his complaint. The law requires that the possession shall be actual. This characteristic of plaintiff's possession is essential to his right to maintain such an action, and we think no pleader could justly say that such a specification was insufficient to put him upon notice that his complaint was assailed for insufficiency or uncertainty in this regard.

The judgment is therefore reversed and the cause remanded, with directions to the trial court to sustain the special demurrer to the complaint, with leave to plaintiff to amend.

Hearing in Bank denied.