OCTOBER 25, 1803.

# Richard Young *et al. v.* Benjamin Borton.

*Upon a writ of error to reverse a decree of the Franklin District Court.*

Where the language of an entry is ambiguous and one construction involves
what it is fair to presume the parties did not intend, while another does not,
the latter will be adopted.

The first error alleged is, "the inferior court erred in the con-
struction which was placed by the said court on the location of
Agan's certificate from the commissioners, in rejecting the call, to
lie three-quarters or one mile west of Conway, which is an opera-
tive one, and one which ought to have influence in fixing the loca-
tion of the said claim."

Jacob Crow's location, on which Borton's claim is founded, calls
for four hundred acres of land, beginning at the north-west corner
of William Agan's pre-emption on Greer's creek, running east
along his line one mile and a quarter, thence north at right angles

for quantity; and this location was made prior to the location of Agan's pre-emption with the surveyor. Therefore, it is only necessary to investigate Agan's or Eagan's location with the commissioners. It calls for a pre-emption of one thousand acres of land, lying on a branch that runs into Greer's creek, about three-quarters or one mile west of Joseph Conway's, to include his improvement. It appears that afterward, on the same day, Conway obtained from the commissioners a certificate for a pre-emption of one thousand acres, lying on a small branch of Greer's creek, adjoining the lands of Isaac Greer and James Power, to include his improvement. By the call or calls in Eagan's certificate—lying on a branch that runs into Greer's creek, about three-quarters or one mile west of Joseph Conway's, must either mean Conway's pre-emption or Conway's improvement. But the latter sense may be taken, as it will not be more injurious than the other to either of the parties. This call may also mean that Eagan's pre-emption was to lie on a branch which runs into Greer's creek about three-quarters or one mile west of Joseph Conway's improvement; or it may mean, that his pre-emption was to lie on a branch which runs into Greer's creek, and that his pre-emption was also to lie about three-quarters or one mile west of Joseph Conway's improvement. If it be taken in the former sense, it might authorize Eagan's pre-emption to be surveyed conformably to the decree of the district court, with his improvement in the center, and with lines of equal length running to the cardinal points. But then the survey would include Conway's improvement, which it can not be presumed was intended, more especially as the latter sense just mentioned does not involve this absurdity, and in other respects it is at least equally probable with the former. Eagan's improvement is not, indeed, more than about half a mile from Conway's improvement; but this mistake in distance could only make it proper that Eagan's survey should have barely included his improvement opposite to the center of its east line, because otherwise it ought to have been at least three-quarters of a mile west of Conway's improvement. And it appears from inspecting the surveyor's report, that had Eagan's pre-emption been thus laid off, and Crow's location adjoining it, conformably to its calls, there would not have been any interference between the claims of the parties to this writ of error: consequently the decree of the district court is wholly erroneous. So that it is unnecessary to consider the other errors which have been alleged, further than to

remark that the last of them is too general to authorize the court to decide on the want of notoriety as to the objects called for in Eagan's location. And it may be further remarked, that the propriety of Eagan's survey, as it has been made, was established by a judgment of the late supreme court for the district of Kentucky on a *caveat*, in the case of *Eagan* against *Bowdry*. In this case, it was found as a fact by a jury, "that the plaintiff has included his improvement in his survey agreeably to his entry with the surveyor." From which it appears that this adjudication was on Eagan's entry with the surveyor, which is materially variant from his location with the commissioners. But had they in substance been the same, this court does not conceive itself bound in the present suit by the finding of a jury in another suit, which was not between the same parties; nor that it is even bound by the decision of an inferior court in any case where it is evidently contrary to law and justice. Moreover, on having recourse to the exhibits filed in the *caveat Egan* against *Bowdry*, it does not appear that on the trial any other point was made but the fact found by the jury. So that the judgment in every other respect was probably passed *sub silentio*, and for that reason it ought not to be regarded as a precedent.

Wherefore, it is decreed and ordered, that the said decree of the district court be reversed so far as it respects the plaintiffs, Richard Young, Rowland Hughes, and John Jack; and that the defendant do pay unto the said plaintiffs their costs in this behalf expended; and it is further decreed and ordered, that the suit be remanded to the general court that it may dismiss the bill of the defendant as to the said plaintiffs, and enter up a decree in their favor for their costs expended in the said district court and general court; which is ordered to be certified to the said general court.