ROOK *v.* GODFREY.

*(Knoxville.* October 27, 1900.)

1. FORCIBLE ENTRY AND DETAINER. *Not maintainable, when.*

Unless plaintiff was in possession at date of defendant's entry on the land, he cannot maintain forcible entry and detainer.

Cases cited: Greer *v.* Wroe, 1 Sneed, 247; Elliott *v.* Lawless, 6 Heis., 129; Chamberlain *v.* Coal & Coke Co., 92 Tenn., 21.

2. SAME. *Same.*

A party who has been put in possession of land by an officer, under a writ of possession, cannot be ousted by forcible entry and detainer.

Case cited: Scott *v.* Newsom, 4 Sneed, 457.

---

FROM CUMBERLAND.

---

Appeal in error from Circuit Court of Cumberland County. W. T. SMITH, J.

J. J. TRACEY, CYRUS SIMMONS, NOBLE SMITHSON, and JOHN H. COTHER for Rook.

J. F. McNUTT, R. E. ROBINSON, L. D. SMITH, and D. L. LANDSDEN for Godfrey.

CALDWELL, J. Action of forcible entry and detainer; demurrer to evidence of the plaintiffs sustained, and appeal in error by them.

Rook *v.* Godfrey.

The action of the trial Judge was correct, for two reasons, (1) because the plaintiffs failed to show that they were in the possession of the land when the defendants entered (*Greer* v. *Wroe,* 1 Sneed, 247; *Elliott* v. *Lawless,* 6 Heis., 129; *Chamberlain* v. *Coal and Coke Co.,* 92 Tenn., 21), and (2) because the defendants were put in possession by the Sheriff under writs of possession issued from the Chancery Court. *Scott* v. *Newsom,* 4 Sneed, 457.

Let the judgment be affirmed.