COPE *v.* PAYNE.

(*Knoxville.*   September Term, 1903.)

1. **UNLAWFUL ENTRY AND DETAINER.** Judgement in against tenant does not bind landlord.

Only parties and their privies are precluded by a judgment in a matter of private right, and whenever an action of unlawful entry and detainer was brought against a tenant, in which the landlord was not a party, the landlord is not bound by the judgment, although he knew of the pendency of the action. (*Post, pp.* 130-131.)

Cases cited and approved: Boles v. Smith, 5 Sneed, 105; Hillman v. Chester, 12 Heisk., 34-36; Boro v. Harris, 13 Lea, 36-44.

2. **SAME.** Will not lie against purchaser at judicial sale, when.

An action of forcible and unlawful entry and detainer will not lie to dispossess a purchaser under a decree of a court of competent jurisdiction placed in possession by an order of the court. (*Post, p.* 132.)

Cases cited; Scott v. Newsom, 5 Sneed, 456; Rook v. Godfrey, 105 Tenn., 534.

3. **CHANCERY COURT.** Will protect possession of purchaser under its decrees.   Bill to quiet possession.

A court of equity has full power to protect a purchaser of land, in possession under its orders and decrees, and a bill to quiet possession will lie by such purchaser to enjoin the enforcement of a judgment against his tenant in an action of unlawful entry and detainer, to which such purchaser was not a party, though the person holding the judgment might be entitled to possession by bringing a proper action to determine his right. (*Post. p.* 132.)

Cases cited; King v. Mabry, 3 Lea, 237; Walker v. Fox, 85 Tenn., 154.

. Cope v. Payne.

FROM MONROE.

Appeal from Chancery Court of Monroe County.— T. M. McCONNELL, Chancellor.

PRITCHARD & SIZER, for Cope.

M'CROSKEY & PEACE, for Payne.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This bill is brought to protect and quiet complainant's possession of the lands described in the pleadings, the threatened injury to his possession being the impending execution of a writ of possession which the defendant had caused to be issued upon a judgment which he recovered in an action of unlawful entry and detainer brought by him against a tenant of complainant (no question of title is involved), which is sought to be enjoined.

Morris Cope purchased the land in controversy at a tax sale made in 1897 under a decree pronounced in the case of *State* v. *Heiskell* et al., lately pending in the chancery court at Madisonville, and was placed in possession of it after confirmation of sale and vestiture of

111 Tenn—9

title by the sheriff of the county in the execution of a writ of possession issued in said case. Subsequently he leased the lands to William Cantrell, and then conveyed them to the complainant. Frank Payne, previous to said tax sale, was in possession under a purchase from some one, and was not a party to the case in which the sale was made at which Morris Cope purchased. In 1901, conceiving that he was not bound by the tax sale, he instituted an action of forcible and unlawful entry and detainer against Cantrell, complainant's tenant, to recover possession. The case was dismissed by the justice of the peace, and was appealed to the circuit court of Monroe county, and, Cantrell making no defense, judgment by default was entered, and upon this judgment the writ of possession sought to be enjoined was issued. Complainant knew that this action was begun before the justice of the peace, and that the justice had decided it in favor of Cantrell, but he did not know of the appeal, and was not informed of it until after the judgment by default had been taken and writ of possession had issued. He was no party to the case, and is not bound or estopped by the judgment entered in it. It is only parties and their privies who are precluded by judgments and decrees. The mere knowledge of the pendency of the suit will not have that effect.

In the case of *Boles* v. *Smith,* 5 Sneed, 105—an action of ejectment—it is said: "It is a plain elementary principle of justice that no one ought to be concluded by a judgment, as to a matter of private right, to which he

Cope v. Payne.

was not a party, against which he could not avail himself of the means provided by law for the assertion and protection of his rights, and from which he could not appeal or prosecute a writ of error. . . . It is clear that Boles was no party to the former action in the legal sense of the term, and the fact that he officiously, or by the favor of the court, was permitted to interfere in conducting the defense, does not affect the question. He had no legal right to do so." This statement of the rule is approved by the later cases of *Hillman* v. *Chester,* 12 Heisk., 34-36, and *Boro* v. *Harris,* 13 Lea, 36-44. It is also well settled that the law will not allow the owner of property to be deprived of possession in a suit brought against a tenant through the collusion of the latter with the plaintiff, or his negligence in failing to notify the owner of the pendency of the suit. *Collins* v. *Legg,* 1 Lea, 120.

Nor is there anything in the manner in which the complainant's vendor obtained possession of the premises which prevents a court of equity from protecting that possession. Complainant is not a trespasser or a wrongdoer. He does not come in court with unclean hands. It is true that defendant is not bound by the decree in the case of the *State* v. *Heiskell et als.,* to which he was not a party, and that, if he is the rightful owner of the property sold, he has the right to be restored to possession by proper application to the chancery court in that case for a writ of restitution, or by an action of ejectment; but this does not convict complainant of any in-

equitable conduct for which he ought to be repelled by the court. The vendor of the complainant was put into peaceable possession by the sheriff of the county in the execution of the mandate of a court of competent jurisdiction, under a purchase made by him, supported by a valuable consideration, and he had a right to presume that the proceedings in the case in which the sale was made were regular and valid, and vested him with a good title and the right to the possession of the property. He had no notice of any infirmity in the sale. His possession is in a sense legal, and he is entitled to hold the property against all claimants until they show a superior title or right to the possession in a proper proceeding or action for that purpose. The action of forcible and unlawful entry and detainer will not lie to dispossess a purchaser under a decree of a court of competent jurisdiction placed in possession by an order of the court. *Scott* v. *Newsom,* 4 Sneed., 456; *Rook* v. *Godfrey,* 105 Tenn., 534, 58 S. W., 850. The complainant is in the actual possession of the land, placed there under the process of the chancery court of the county in which it lies, and the defendant is attempting to wrongfully interfere with that possession. We think a proper case is presented in this record for an application to a court of equity to quiet and prevent a wrongful interference with his possession. The jurisdiction of the court to give such relief is well established. *King* v. *Mabry,* 3 Lea, 237; *Walker* v. *Fox,* 85 Tenn., 154, 2 S. W., 98.

Cope v. Payne.

The decree of the court of chancery appeals is therefore reversed, and the decree of the chancellor sustaining the bill of complaint and perpetually enjoining the execution of the writ of possession caused to be issued by the defendant is affirmed, with costs.