GEORGE D. TAYLOR *et al. v.* W. P. BLACKWELL *et al.*

(*Knoxville,* September Term, 1918.)

1. JUDGMENT. Conclusiveness. Person promoting defense.

A prior grantee of a defendant in ejectment was not bound by the
   judgment, under Acts 1851-52, chapter 152 (Thompson's Shan-
   non's Code, section 5000), although he was present and was al-
   lowed to control the defense as fully as if he and not his grantor
   had been the defendant. (*Post, pp.* 192, 193.)

Acts cited and construed:   Acts 1851-52, ch. 152.

Case cited and distinguished:   Boles v. Smith, 37 Tenn., 106.

Code cited and construed:   Sec. 5000 (T.-S.).

Cases cited and approved:   Chamberlain v. Fox Coal & Coke Co.,
   92 Tenn., 14;   Cope v. Payne, 111 Tenn., 128;   Hillman v. Ches-
   ter, 59 Tenn., 34;   Boro v. Harris, 81 Tenn., 36.

2. TENANCY IN COMMON. Adverse possession.

Where the possession of a tenant in common was open and no-
   torious and he cultivated for the statutory period, removed prac-
   tically all the merchantable timber, sold some fifteen tracts off
   of the land, deeds being recorded in the register's office, and never
   made nor was asked for an accounting, the possession was adverse,
   and the right of the other tenants was barred. (*Post, pp.* 193-196.)

Cases cited and approved:   Hubbard v. Wood's Lessee, 33 Tenn.,
   279;   Saunders v. Hackney, 78 Tenn., 203;   Morelock v. Bernard,
   83 Tenn., 169;   Coal Creek Min., etc., Co. v. Ross, 80 Tenn., 1;
   King v. Rowan, 57 Tenn., 675.

---

· FROM CARTER.

---

*The question of presumption of ouster of one tenant in common
from long-continued, undisturbed possession of another, is discussed
in a note in 10 L. R. A. (N. S.), 185.

Appeal from the Chancery Court of Carter County.—
Hon. Hal H. Haynes, Chancellor.

C. C. Collins, for appellant.

Allen & Clark and J. N. Edens, for appellees.

Mr. Justice Hall delivered the opinion of the Court.

This is an ejectment suit brought by the complain-
ants to recover certain lands mentioned and described
in the bill, for a partition of said lands, and for an ac-
counting for waste.

Complainants claim title to the lands involved under
grant 27025 issued by the State of Tennessee to Alfred
W. Taylor and C. M. Gourley on August 8, 1849, for
five thousand acres, situated in the Second and Third
civil districts of Carter county, Tenn.

The defendant, J. L. Blackwell, claims title to said
lands under two grants issued by the State of Tennessee,
one to W. P. Blackwell and Z. C. Campbell on Decem-
ber 15, 1884, being No. 40990, and another issued to
James Whitehead on November 20, 1882, being No.
40928. These two grants call for two hundred acres
each, and the lands embraced in them lie within the
boundaries of the Taylor and Gourley grant.

It is conceded by the defendant Blackwell that, the
grants under which he claims title being younger than
that under which complainants claim, complainants
have the superior title, unless he has perfected his title
by adverse possession for more than seven years next

before the filing of the bill by complainants. This he claims he has done.

The record discloses that in January, 1891, one C. N. Wilcox and complainants, Wilcox claiming to have acquired by purchase the undivided one-half interest of C. M. Gourley in the lands embraced in the Taylor and Gourley grant, filed their bill in the chancery court of Carter county against W. P. Blackwell, the father of the defendant J. L. Blackwell, W. A. Waycaster, and J. B. Range, in which they alleged the title to the lands in dispute to be in them, basing their title upon the Taylor and Gourley grant; and further alleging that the defendants named in said bill were claiming title to said lands under the Blackwell and Campbell grant and the Whitehead grant, and had taken possession of said lands under said grants. The bill sought a recovery of said lands from the defendants, it being alleged that complainants were entitled to immediate possession of the same.

W. P. Blackwell answered this bill, denying complainants' title to said lands, averring title in himself and his vendees, and admitting that he and his vendees, were in possession, and pleaded and relied on his claim of adverse possession of said lands for more than seven years as perfecting his title.

The cause was finally heard by the chancellor, who rendered a decree in said cause, adjudging that complainants had title to the whole of said lands embraced in the Taylor and Gourley grant, and that the Whitehead grant and the Blackwell and Campbell grant were clouds upon their title, and that defendants had not

Taylor v. Blackwell.

perfected title by adverse possession of the lands embraced in said grants.

An appeal was prayed, granted, and perfected from this decree, by W. P. Blackwell, to the court of chancery appeals sitting at Knoxville, and by that court the chancellor's decree was modified to the extent of holding that the complainant, C. N. Wilcox, was not entitled, as against the defendant, W. P. Blackwell, to recover more than three-sevenths of the one-half undivided interest of the Gourley interest in said lands, and the bill was dismissed as to the remaining four-sevenths interest, the decree of the court of chancery appeals being rendered on October 20, 1896. An appeal was prosecuted from said decree to the supreme court, where said decree was affirmed on September 18, 1897.

The defendant, J. L. Blackwell, was not a party to the suit of C. N. Wilcox and complainants against W. P. Blackwell and others. It appears, however, that before the bill in said cause was filed, J. L. Blackwell acquired title to said lands by deeds duly executed, and which were of record in the register's office of Carter county. James P. Whitehead conveyed the lands embraced in what is known as the Whitehead grant to J. L. Blackwell on February 1, 1888, which was about three years before the bill of C. N. Wilcox and complainants was filed.

On December 23, 1890, which was a few days before the bill of Wilcox and complainants was filed, W. P. Blackwell, by deed conveyed to J. L. Blackwell the lands embraced in both the Whitehead grant and the Blackwell and Campbell grant under a single boundary. This

deed was duly recorded on December 26, 1890. W. P. Blackwell, however, only owned an undivided one-half interest in the Blackwell and Campbell grant at the time of said conveyance. Z. C. Campbell, who owned the other undivided one-half interest in said grant, conveyed by deed to J. L. Blackwell said interest on January 4, 1893. Campbell was not made a party to the suit of Wilcox and complainants against W. P. Blackwell and others. J. L. Blackwell immediately went into possession of said lands under the deed executed to him by his father, W. P. Blackwell, and was in possession of them at the time the bill in the pending cause was filed.

The present bill was filed by complainants, who are the heirs at law of Alfred W. Taylor, deceased, against W. P. Blackwell, James L. Blackwell, and W. H. Nelson, the latter having acquired by purchase the interest formerly owned by C. N. Wilcox in the Taylor and Gourley grant, and various other defendants to whom J. L. Blackwell had conveyed portions of the lands embraced in the Whitehead and Blackwell and Campbell grants, claiming title under the Taylor and Gourley grant, which was in issue in the former suit of Wilcox and complainants against W. P. Blackwell and others, and seeks to recover said lands of the defendant, J. L. Blackwell.

The defendants, W. P. Blackwell and James L. Blackwell, answered the bill. Both denied that complainants have any title to the lands embraced in the Whitehead grant and the Blackwell and Campbell grant; and the answer averred that the defendant, J. L. Blackwell,

was the owner of said lands under the conveyances hereinbefore mentioned. The answer further averred that the defendant J. L. Blackwell had been in open, notorious, peaceable, and adverse possession of all of said lands since said conveyances, having a large portion of said lands cleared and inclosed by fence; had erected houses thereon, and had sold the timber therefrom, as well as a portion of the lands to various vendees. The defendant J. L. Blackwell expressly pleaded and relied upon said adverse possession for more than seven years as perfecting his title to said land.

The complainants allege in their bill that the decree in the cause of Wilcox and complainants against W. P. Blackwell and others settled and fixed the interests of the parties in and to said lands, and that though the defendant J. L. Blackwell was not made a party to that suit, he is bound by said decree as fully as if he had been made a party, because he employed an attorney to defend said suit on behalf of his father, W. P. Blackwell, and when the same had been decided against him by the chancellor, he procured the cause to be appealed to to the court of chancery appeals, and procured a bond to be made, which perfected said appeal to that court, and otherwise actively participated in the defense of said suit, and that he was estopped upon the further ground that he had violated the injunction granted in said cause.

The bill further alleged that said defendant could not rely on the statute of limitations to perfect his title, because, under the decree rendered in the cause of Wilcox and complainants against W. P. Blackwell and

others, he was adjudged to be a tenant in common with Wilcox and complainants in said lands; that his possession thereafter was one as a tenant in common, and was for and on behalf of his cotenant, and therefore the statute did not run in his favor, and, further, that he was estopped to make any claim to the title decreed to complainants in said former litigation.

The defendant J. L. Blackwell answered the bill, denying that he was in any way bound by the decree rendered in the cause of Wilcox and complainants against W. P. Blackwell and others, because he was not a party to said suit, and that the injunction issued in said cause in no way restrained him from remaining in possession of said lands which had been acquired by him before the bringing of said suit, and he denied that he was estopped by reason of his participation in the defense of said suit brought against his father, W. P. Blackwell.

Upon the issues thus presented and the proof taken, the cause was heard by the chancellor on July 14, 1911, and a decree was rendered, adjudging, in effect, that the litigation in the cause of Wilcox and complainants against W. P. Blackwell and others was for the purpose of determining the title to said lands, and that it was adjudged in that cause that the complainants were the owners of an undivided one-half interest in the lands in controversy, viz. that covered by the Whitehead grant and Blackwell and Campbell grant; and that C. N. Wilcox was the owner of three-seveths of the undivided one-half interest of C. M. Gourley in said lands, and that the defendant W. P. Blackwell was the owner of

the remaining four-sevenths of the Gourley undivided
one-half interest; that the defendant J. L. Blackwell
was bound by said decree, being estopped by his con-
duct in connection with that of his father, W. P. Black-
well, and his participation in the defense of said suit,
though not a party thereto; that the defendant J. L.
Blackwell could not, after the decree in said former
litigation, hold adversely to his cotenants without actual
notice to them, or its equivalent, and for a sufficient
length of time to vest the title to said lands in him by
virtue of said adverse possession, which was not shown.
A writ of possession was awarded the complainants to
put them in possession of their undivided one-half in-
terest in said lands along with the defendants J. L.
Blackwell and W. H. Nelson, who were adjudged to be
cotenants with them, the lands being decreed to belong
one-half to complainants, eight twenty-eighths to the
defendant, J. L. Blackwell, and six-twenty-eighths to the
defendant W. H. Nelson.

The cause was also referred to the master for a re-
port from the proof on file and any additional proof
that might be taken as to damages for timber cut and
removed from said lands by the defendant J. L. Black-
well, and commissioners were appointed to partition the
lands among the parties in accordance with their in-
terests as fixed by said decree.

Report was made by the master as to the damage
for timber cut and removed from said lands, to which
both complainants and the defendant excepted.  These
exceptions were sustained, and the report was set aside
and this branch of the cause was re-referred to the

master, who again made report to which defendants excepted. These exceptions were overruled by the chancellor, and judgment was rendered against the defendant James L. Blackwell, for the value of the timber cut and removed.

The commissioners appointed to partition the lands made their report, which was excepted to by the defendant Blackwell. These exceptions being overruled, their report was also confirmed. The defendant Blackwell has brought the cause to this court by appeal, and has assigned errors upon the decree.

By the first error assigned it is insisted that the chancellor erred in adjudging that the defendant J. L. Blackwell was bound by the decree in the cause of Wilcox and complainants against W. P. Blackwell and others, and that by his conduct in participating in the defense of said suit, he was estopped from questioning said decree and the interests of the parties as fixed therein, though not a party to said suit.

We are of the opinion that the contention of the defendant J. L. Blackwell, made in this assignment of error, is well taken.

It is provided by chapter 152 of the Acts of 1851-52 (Thompson-Shannon's Code, section 5000), that a judgment in ejectment is conclusive upon the party against whom it is recovered, not under disability at the time of the recovery, and all persons claiming under him by title accruing after the commencement of the action.

In *Boles* v. *Smith*, 5 Sneed, 106, 107, it was held that: By this statute the judgment is made conclusive only "upon the party against whom" it was rendered, and

those "claiming from, through, or under such party, by title accruing after the commencement of such action."

Therefore, where the action is brought against a tenant and the plaintiff was successful and was put in possession of the land, the judgment is not a bar against a subsequent action by the landlord who was not a party to the suit, although he was present and was allowed to control the defense as fully as if he, and not the tenant, had been the defendant.

In the case of *Chamberlain* v. *Fox Coal & Coke Co.*, 92 Tenn., 14, 20 S. W., 345, it was held that a judgment against one's employee is not binding upon his employer, although the latter knew of the existence of the suit and assisted the employee in its defense by the employment of counsel and otherwise.

In *Cope* v. *Payne*, 111 Tenn., 128, 76 S. W., 820, 102 Am. St. Rep., 746, it was held that only parties and their privies are precluded by adjudgment in a matter of private right, and whenever an action of unlawful entry and detainer was brought against the tenant, in which the landlord was not a party, the landlord was not bound by the judgment, although he knew of the pendency of the action.

To the same effect is the holding of the court in *Hillman* v. *Chester*, 12 Heisk., 34-39; *Boro* v. *Harris*, 13 Lea, 36-44.

The next question presented by the assignments of error for determination is whether or not the possession of the defendant J. L. Blackwell of the lands in controversy, after the rendition of the decree in the cause of Wilcox and complainants against W. P. Blackwell and

141 Tenn.—13

others, has been such as to perfect his title under and by virtue of the statute of limitations. We think it has. As before stated, we are of the opinion that the defendant J. L. Blackwell is not bound by the decree rendered in the cause of Wilcox and complainants against W. P. Blackwell and others, which decree adjudged that Wilcox and complainants and W. P. Blackwell were owners of said lands as tenants in common. But if it be conceded that the effect of said decree was such as to make the defendant J. L. Blackwell a tenant in common with Wilcox and complainants, we think his possession of said lands, after the decree in the cause of Wilcox and complainants against W. P. Blackwell and others was rendered, was of such a nature and character as to give effect to the statute of limitations in his favor against his cotenants.

The final decree in the cause of Wilcox and complainants against W. P. Blackwell and others was rendered in the supreme court on September 18, 1897. The bill in the pending cause was filed December 18, 1908. The evidence shows that the defendant J. L. Blackwell was in possession of the lands at the time of the filing of the bill in the former litigation under color of title, and that he remained in possession of said lands continuously from that time until the filing of the bill in the pending cause. The complainants were never in possession of said land. The possession of the defendant J. L. Blackwell was open and notorious. There were about one hundred acres of said lands cleared and inclosed by fence. He cultivated the cleared lands each year by growing various crops thereon. He cut and removed

practically all the merchantable timber from said lands. He sold some fifteen tracts off of said lands to various parties. The deeds executed to some of his vendees were recorded in the register's office of the county in which said lands were situated, and some of his vendees cleared a portion of their lands and erected inclosures and houses thereon. The defendant J. L. Blackwell never, at any time, accounted to the complainants for rents, or for the proceeds of any timber cut and removed from said lands, and was never asked to do so by them. He was in open, notorious, and active possession of said lands for more than eleven years between the date of the rendition of the decree in the cause of Wilcox and complainants against W. P. Blackwell and others and the date of the filing of the bill in the pending cause, and his possession during all that time was never questioned and interfered with by the complainants.

In *Hubbard* v. *Wood's Lessee,* 1 Sneed, 279, 280, it was held that to give effect to the statute of limitations in favor of one tenant in common against another, an actual ouster must be clearly established; that nothing but an actual ouster, or what is held to be equivalent, can give a tenant in common an exclusive possession, seizen and possession of one being the seizen and possession of the other. One can never be disseized by another without actual ouster. It was announced, however, in that case that an exclusive adverse possession of the whole tract of land, or the exclusive receipts of the rents and profits, no demand being made by the other tenants, or, if made, refused and his title denied—may

be evidence of disseizen or actual ouster, and that the jury will be directed to presume an actual ouster, and the right of the cotenant would be held to be barred by the statute of limitations.

In *Saunders* v. *Hackney,* 10 Lea, 203, the rule announced in the case of *Hubbard* v. *Wood's Lessee,* supra, was quoted with approval by the court. The rule was also announced in *Morelock* v. *Bernard,* 15 Lea, 169, and in *Coal Creek Min., etc., Co.* v. *Ross,* 12 Lea, 1, 10, and in *King* v. *Rowan,* 10 Heisk., 675.

It results that the decree of the chancellor will be reversed, and the bill of complainants will be dismissed, with costs.