MRS. ADINE ALLEN et al. v. ETHEL FOLWELL, et al.

Middle Section. November 28, 1925.

Certiorari denied by Supreme Court, January 16, 1926.

1. **Trusts. Land bought with ward's funds and conveyed to guardian not a dry trust.**
   In an action to quiet title where guardian invested the funds of his ward in land, held the guardian has active duties to perform and it can not be classified as a dry trust.

2. **Guardian and ward. Guardian has no authority to exchange ward's personal estate for real estate without order of court.**
   The rule which forbids the changing of the nature of the ward's estate operates to prohibit not only a change from real to personal estate by sale of the ward's land, but a change from personalty to realty as well.

3. **Guardian and ward. Land becomes vested in guardian free from trust where ward refuses to accept it.**
   Where guardian takes title to land for ward and ward refuses the land and takes money, held land then becomes vested in guardian free from trust.

4. **Guardian and ward. Property for purpose of descent retains its original character where ward dies without electing.**
   Where guardian improperly and without order of court bought land with money of two minor wards and took title for them and ward died without accepting real estate, held property in legal contemplation retained its character as personalty and descended as such upon death of ward.

5. **Limitations. Tenants in common. Ordinarily the courts construe statute of limitations strictly in favor of co-tenant not in possession.**
   In an action to quiet title where complainant bought the land and went into possession and collected all rents and claimed it adversely to everyone, held under such an exclusively adverse possession and without demand by

purported co-tenant or anyone else the statute ran and title vested in complainant.

**6. Limitations. Statute once set in motion is not arrested by death.**
    Where the statute of limitations has been once set in motion, the death of the ancestor and the disability of the heir will not arrest its operation.

Appeal from Chancery Court of Davidson County; Hon. John R. Aust, Chancellor.

Affirmed.

Baxter Cato and Chas. Gilbert, both of Nashville, for appellants.
Manier and Crouch, of Nashville, for appellees.

FAW, P. J. By her bill in this case the complainant Mrs. Adine Allen sought and obtained a decree of the chancery court of Davidson county, Part I, adjudging and declaring that she is lawfully seized and possessed, in fee simple, of a certain lot or parcel of land in the city of Nashville, Tennessee, forty feet wide and about seventy-six and one-half feet deep, fronting on the first cross alley north of Union Street and running between fourth and fifth avenues. The land is fully described in complainant's bill and in the final decree.

The minor defendant Joseph Clay Combs III, by his guardian ad litem, appealed from so much of said decree as failed to declare that he has an interest in said land, and, through his assignments of error filed in this court, he says (1) that the chancellor erred in holding and declaring that the minor defendant had no right, title or interest in said property described in the original bill, and (2) that the chancellor erred in holding and declaring that complainant had a good merchantable title to the said property, that she was lawfully seized and possessed of same in fee simple, with a good right to convey it.

When interpreted in the light of the facts of this case, and of the issue between appellant and appellee as presented by the pleadings, the two assignments of error, supra, involve, in effect, the same inquiry. It is claimed, on behalf of appellant, the minor defendant, that he is the owner of a one-twenty-fourth undivided interest in the aforesaid city lot. This is denied by the appellee, the complainant, who asserts that she is the owner, in fee simple, of the entire lot, with a good right to convey an indefeasible title thereto.

The bill in this case was filed June 24, 1924, and complainant Mrs. Adine Allen alleges therein that she acquired title to the fee in the aforementioned lot by deed from M. S. Combs, guardian, on September 18, 1905; that since that date she has been in possession of said property, and that throughout that period she has, continuously, openly and notoriously, held same adversely to all other persons; that some months before filing the bill in this case she negotiated a

sale of the property, but the proposed purchaser refused to consummate the sale, claiming that her title was defective, in that, the heirs of Minnie M. Combs (a deceased sister of complainant Adine Allen) have an interest in the property. Other facts alleged in the bill and shown by the proof will be mentioned later.

It is stated in the briefs of counsel that the bill is filed under the Declaratory Judgments Act of 1923 (chapter 29); and the prayer of the bill is that complainant Mrs. Adine Allen "have a declaration of her rights under said deeds and the facts of this proceeding, and especially that she be declared to be lawfully seized and possessed of said property in fee simple, with a good right to convey same, and that defendants have no claim, title or interest in or to said property."

The facts which we will now state appear from undisputed evidence in the record. Complainant Adine Allen and her deceased sister Minnie M. Combs were children of Micah S. Combs, Sr., who died on May 7, 1914. On October 3, 1885, the aforementioned lot described in the pleadings in this case was conveyed by a deed which we here copy in full, with the exception of the description of the land conveyed, as follows:

"FOR AND IN CONSIDERATION of the sum of One Thousand Dollars to us in hand paid by Micah S. Combs, Sr., guardian for Minnie M. Combs and Adine Combs, minor children of said M. S. Combs, Sr., we Louis Whorley and Valentine Steinhauer, Trustee of the First German Evangelical Lutheran Church, of Nashville, Tennessee, by virtue of the authority in us vested as such trustees aforesaid, have bargained and sold and by these presents do transfer and convey unto the said Micah S. Combs, Sr., guardian as aforesaid, and to his representatives, and assigns, a certain tract or parcel of land in Davidson County, State of Tennessee, as follows:"

(Here follows description of land.)

"TO HAVE AND TO HOLD the said tract or parcel of land, with the appurtenances, estate, title and interest thereto belonging to the said M. S. Combs, guardian aforesaid, his representatives, and assigns, forever, and we as said trustees aforesaid do covenant with the said M. S. Combs, guardian, as aforesaid that we are lawfully seized and possessed of said land in fee simple, have a good right to convey it and the same is unencumbered, and we as such trustees aforesaid do further covenant and bind ourselves as trustees and our representatives to warrant and forever defend the title to said land to the said M. S. Combs, guardian as aforesaid, his representatives and assigns, against the lawful claims of all persons whomsoever.

"WITNESS our hands, this 3rd day of October A. D. 1885."

Said deed was duly acknowledged for registration and was registered in the Register's Office of Davidson county on October 5, 1885.

Minnie M. Combs, mentioned in the aforesaid deed, died intestate in June, 1897. She was twenty-five (or nearly twenty-six) years of age, unmarried, and without issue.

On September 18, 1905, M. S. Combs, guardian, executed a deed to complainant Adine Allen, which purported to convey to her in fee the lot in question, as described in the aforesaid deed of October 3, 1885, and which deed of September 18, 1905 (omitting the description) is in these words:

"For and in consideration of the sum of one thousand dollars, to me in hand paid by Adine Allen, I, as guardian and by virtue of right and authority vested in me, have bargained and sold, and by these presents do transfer and convey unto the said Adine Allen, for her separate use and benefit her heirs and assigns, a certain tract or parcel of land in Davidson county, State of Tennessee, as follows:"

(Here follows description of land.)

"To have and to hold the said tract or parcel of land, with the appurtenances, estate, title and interest thereto belonging to the said Adine Allen, that I am lawfully seized and possessed of said land in fee simple, have a good right to convey it, and the same unencumbered, and I do further covenant and bind myself, my heirs and representatives, to warrant and forever defend the title to said land to the said Adine Allen, her heirs and assigns, against the lawful claims of all persons whomsoever, witness my hand, this 18th day of September, 1905.

"M. S. Combs, Guardian."

Said last-mentioned deed was duly acknowledged for registration and delivered to the grantee at the time of its execution, and was registered in the Register's Office of Davidson county on September 19, 1906.

Upon the execution and delivery to her of said deed of September 18, 1905, complainant Adine Allen immediately took said property into her exclusive possession. It was business property, and she at once rented it out, executing leases in her own name, and this she has done continuously since September, 1905. She has collected all rents derived from the property during the past eighteen or nineteen years and has paid for all improvements, repairs and taxes on said property during that time. She has not accounted to anyone for the rents and income from said property and has never been asked by anyone to account for any part of same.

When Minnie M. Combs died intestate in June, 1897, she left, surviving, her father, M. S. Combs, Sr., two brothers, M. S. Combs and Joe C. Combs, and two sisters, Mrs. Georgia Combs Folwell and the complainant Mrs. Adine Allen.

Joe C. Combs died on August 21, 1915, leaving three children surviving, to-wit; Rosalie Combs (now Rosalie Combs Pellettieri), Claudia Clay Combs and Joseph C. Combs III.

Mrs. Georgia Combs Folwell died on or about August 12, 1900, leaving two children surviving, to-wit; Ethel Folwell and Combs Folwell.

The theory of the appellant is that the aforesaid deed of October 3, 1885, imposed no active duty upon M. S. Combs, Sr., the purported grantee of the legal title, and gave him no control of the property therein described, and that, therefore, the whole title, legal and equitable, vested in Minnie M. Combs and Adine Combs (now Adine Allen), as tenants in common—each owning an undivided one-half interest therein—and that upon the death of Minnie M. Combs in June, 1897, her one-half interest descended to her four surviving brothers and sisters—one-eighth to each; that upon the death of Mrs. Georgia Combs Folwell her one-eighth interest in said property descended to her two children, to-wit; Ethel Folwell and Combs Folwell—one-sixteenth to each; and that upon the death of Joe C. Combs his one-eighth undivided interest in said property descended to his three children, to-wit; Rosalie Combs (now Pellettieri), Claudia Clay Combs and Joseph C. Combs III—one-twenty-fourth to each.

Any possible claim on the part of M. S. Combs, the brother of complainant, was extinguished by a quitclaim executed by him before the bill in this case was filed. The defendants to the bill are Ethel Folwell and Combs Folwell, non-residents of the State of Tennessee; Rosalie· Combs Pellettieri and husband George Pellettieri, and Claudia Clay Combs, residents of Davidson county, Tennessee; Joseph Clay Combs III, a minor, and a non-resident of the State of Tennessee, and I. Wiener, guardian of Joseph Clay Combs III, also a non-resident of the State of Tennessee.

All of the defendants, except the minor, suffered pro confesso to be taken and entered against them, and before final decree Claudia Clay Combs, and Rosalie Combs Pellettieri and husband, relinquished, by quitclaim, all their interest in said property to complainant Adine Allen.

The minor defendant, Joseph Clay Combs III, answered by guardian ad litem appointed by the court, and, after proof was taken, the chancellor decreed (on January 9, 1925) that the complainant Mrs. Adine Allen has a good merchantable title to the property described in the original bill (and which is later described in the decree), and that she is declared to be lawfully seized and possessed of said property in fee simple, with a good right to convey it; that all the defendants to this cause, including Ethel Folwell, Combs Folwell, Rosalie Combs Pellettieri and husband George Pellettieri, Claudia Clay Combs, Dr. I. Wiener, guardian and Joseph Clay Combs III

have, and are declared to have, no right, title or interest in or to the said property described in the bill and in the decree.

It was decreed that. complainant Mrs. Adine Allen pay all the costs of the cause, including the sum of fifty dollars to Charles Gilbert as his reasonable fee as guardian ad litem for the minor defendant Joseph Clay Combs III.

There was no appeal from the decree of the chancery court except by the minor defendant, through his guardian ad litem. On his behalf, it is insisted that he is the owner of a one-twenty-fourth undivided interest in the lot in question, by inheritance from Minnie M. Combs, through his father, as before stated.

The claim of the minor defendant (appellant here) is predicated upon the aforesaid deed of October 3, 1885. That deed bears inherent evidence that the land thereby conveyed was bought and paid for by Micah S. Combs, Sr., as .guardian for Minnie M. Combs and Adine Combs. (3 Tenn. Chy. R., p. 564). In other words, the guardian invested the funds of his wards in the land. The guardian has active duties to perform with respect to his ward's land, hence, we do not think this could be classed as a "dry trust." (26 R. C. L. pp. 1173-1174).

However, he had no legal authority to make such an investment. The rule which forbids the changing of the nature of the ward's estate operates to prohibit not only a change from real to personal property by sale of the ward's land, but a change from personalty to realty as well. Note, 89 Am. St. R., 312; 12 R. C. L., p. 1127; Gordon v. English, 3 Lea, 634; Tealey v. Hoyte, 3 Tenn. Chy., 561, 564; Boisseau v. Boisseau (Virginia), 52 Am. R., 616.

"If a person hold the funds of another in consequence of some fiduciary relation between them, e. g., guardian, executor, etc., he will hold any property purchased with those funds on the same trust." 26 R. C. L., p. 1227, par. 72.

"The common law was punctilious to preserve the difference between real and personal estate; principally, perhaps because of the difference in the law of succession. It was not permissible for a guardian to change real estate into personal, or personal into real, except for reasons which had been passed upon by the court. He could not therefore sell real estate of the ward, except in compliance with an order of court; and this rule still generally exists, unless altered by statute. Nor can the guardian mortgage the premises, nor by his acts or agreement impose a lien or other encumbrance upon it. The same considerations prohibit the guardian to change the nature of his ward's estate in the contrary direction by buying real estate with the ward's money; and on arriving at the age of majority the ward has his option to accept the property so acquired ·and thereby ratify the unlawful act, or to repudiate it and claim his original property."

But until the ward elects to accept the land, as land, it retains its original character as personalty, for the purpose of determining the succession to the ward's estate. 12 R. C. L., p. 1134, par. 39; Roberts v. Jackson, 3 Yerg., 76, 80; Paul v. York, 1 Tenn. Chy., 547; Tealey v. Hoyte, supra.

There is no suggestion in the evidence in this record that Minnie M. Combs at any time elected to accept the land as a satisfaction, either in whole or in part, of the sum due from her guardian. There is no intimation in the record that she at any time had, or attempted to take, possession of said land, or to exercise dominion over it in any manner. There is a bit of hearsay evidence in the testimony of the complainant Mrs. Adine Allen which, if admitted, tends to show that Minnie M. Combs did not elect to take an interest in the land in question, but was otherwise paid the sum due her from her guardian. This testimony is as follows:

"Q. Now at the time your father executed and delivered to you a deed for this property did you have any conversation, or did he say anything about your then deceased sister, Minnie M. Combs, if so, just state what it was. A. Yes, he said he had given her the part of the property that was due her. Q. Did he discuss the matter at length or just briefly at that time? A. Briefly."

So far as appears, the testimony just quoted was admitted below without objection. If it be received as proof that Minnie M. Combs accepted money or other property from her guardian rather than the land in question, it would result that the land, so far as it was bought with the funds of Minnie M. Combs, became the property of Micah S. Combs, Sr., in his own right, and not as guardian. "Where the funds of a beneficiary have been used by the trustee in the purchase of land, if the beneficiary actually accepts the money with full knowledge of the facts, the land becomes the property of the trustee free from the trust." Gordon v. English, 3 Lea, 634, 638.

But the above quoted testimony of the complainant Adine Allen, that her father "said he had given her (Minnie) the part of the property that was due her," was clearly incompetent, and, notwithstanding the absence of objection, we do not think it should be considered against the minor defendant, who has submitted his rights and interests to the protection of the court, and is "the ward of the court."

However, if we discard the aforesaid incompetent evidence, it will not alter the result. There being, as before stated, no evidence that Minnie M. Combs accepted the Nashville lot, or an interest therein, and the facts of the record tending to the contrary, we must assume that said property, in legal contemplation, retained its character as personalty, and was distributable as such upon the death

of Minnie M. Combs. The conclusion that there was no equitable reconversion of the property into land, prior to the death of Minnie M. Combs, is strengthened by the fact that Minnie M. Combs was interested only to the extent of an undivided one-half interest. A partial owner may elect to reconvert only with the consent of his co-owner. 3 Pom. Eq. Juris. (4 Ed.), sec. 1176, and Note 2.

As Minnie M. Combs died intestate, unmarried, and without issue, her father, Micah S. Combs, Sr., was the sole distributee of her personal estate. Shannon's Annotated Code, section 4172, subsection 4. It results, therefore, that Joe C. Combs, the father of appellant Joseph C. Combs III, took no interest in the lot in question, as an heir at law of his sister Minnie M. Combs, and hence, appellant did not acquire an interest in said lot by inheritance from his father, and has no interest therein.

If we had reached the conclusion that upon the death of Minnie M. Combs a one-half undivided interest in the lot in question descended, as real property, to her heirs at law, we would nevertheless be of the opinion that complainant Adine Allen had a perfect title to said lot when the bill in this case was filed.

It is apparent that when the deed of September 18, 1905, was executed, the grantor, M. S. Combs, Sr., guardian, and the grantee, Adine Allen, elected to treat the property, therein described, as land, and manifested an unequivocal intention that the grantee should "possess the property in its actual state and condition." 3 Pom. Eq. Juris. (4 Ed.), sec. 1177. Therefore, the statutes and rules of law pertaining to the adverse possession of real property operated, under the facts already stated herein, to perfect the title of complainant Adine Allen.

The deed of September 18, 1905, made by M. S. Combs, Sr., guardian, to Adine Allen purported to convey the fee in the entire property therein described. It was registered in the Register's Office of Davidson county, Tennessee, on September 19, 1906, and from that date constituted an assurance of title, or color of title, within the terms of section 4456, Shannon's Code. Southern Iron & Coal Co. v. Schwoon, 124 Tenn., 176.

The undisputed evidence shows that complainant's possession of the property involved in this suit has been, since, the aforesaid deed of 1905, adverse to all other persons, including her brother Joe Clay Combs, the ancestor of appellant. It is also in evidence, and is undisputed, that Joe Clay Combs knew that complainant was in possession of the property, claiming to be the sole owner thereof, and that he did not in any way or manner question her ownership of the entire property.

The possession of one tenant in common is ordinarily the possession of all the co-tenants—such possession being consistent with

and in support of their common title—and the Statute of Limitations will, in such case, receive a strict construction in favor of a co-tenant not in actual possession, as the presumption is against adverse possession between tenants in common. Cunningham v. Roberson, 1 Swan., 137, 139; Hubbard v. Wood, 1 Sneed, 279, 286. But the facts of the instant case disclose such an exclusive adverse pos-session of the land in question by the complainant Adine Allen, without demand made by the ancestor of appellant, or any other person, as tenant in common or otherwise, as will vest title in the complainant under the Statute of Limitations. Taylor v. Black-well, 141 Tenn., 184, 194; Burns v. Headerick, 85 Tenn., 102, 107; Morelock v. Bernard, 15 Lea, 169, 178.

The statutory period of limitation (seven years) was complete before the death of Joe Clay Combs, which occurred on August 21, 1915. However, if the period of limitation had not expired be-fore the death of appellant's father, the result would be the same; as it is well settled that where the Statute of Limitations has been once set in motion, the death of the ancestor and the disability of the heir will not arrest its operation. Shannon's Code 4450; Pat-ton v. Dixon, 105 Tenn., 97, 103, and cases there cited.

It results that the assignments of error are overruled, and the de-cree of the chancery court is in all things affirmed. The bill having been brought by Mrs. Adine Allen, under the declaratory judgments law, to quiet her title, we are of the opinion that she should pay the costs of the appeal, and it will be so ordered.

Crownover and DeWitt, JJ., concur.