[No. 4,202.]

## F. W. VOLL *v.* C. C. BUTLER ET AL.

Forcible Entry and Detainer.—An action of forcible entry and detainer cannot be maintained upon a scrambling possession.

Idem.—As between two parties struggling for the possession, neither can maintain an action of forcible entry and detainer against the other until he has acquired an actual possession which has ripened into a peaceable occupation.

Appeal from the County Court, City and County of San Francisco.

Action of forcible entry and detainer brought on the 6th day of January, 1870, to recover possession of a tract of land at the intersection of Post and Buchanan streets, in the City and County of San Francisco. The plaintiff's testimony tended to show that, in 1865, the demanded

premises were unenclosed, and on the 23d of August of that year, the plaintiff erected a small house on the same, and moved into it. That Butler then came to him and claimed the land. That the plaintiff raised potatoes on a portion of the land, and in 1866 built a fence partly around it, when it was torn down by the defendant and men with him. That the defendant again attempted to fence the land in 1867, but his fence was torn down. That Butler made constant threats of holding and claiming the land, and prevented the plaintiff from fencing it. That November 16, 1869, Butler came on to the land with a crowd of men and fenced in the same, and built a house on it, and took possession. That the wife of the plaintiff resisted, but was overpowered and left the place. The Court below, on motion of the defendants, rendered a judgment of nonsuit. The plaintiff appealed.

*Douthitt & McGraw* and *John Wade*, for the Appellant.

*Theodore H. Hittell, John B. Felton* and *S. M. Wilson*, for the Respondents.

By the Court, WALLACE, C. J.:

In *Bowers* v. *Cherokee Bob*, (45 Cal. 502,) in speaking of the character of the possession which would support an action of forcible entry and detainer, we said that such an action could not be maintained upon a mere scrambling possession, and that as between the parties struggling for the possession, "neither can maintain the action against the other until he has acquired an actual possession which has ripened into a peaceable occupation—that is to say, peaceable between themselves."

The application of this principle to the facts appearing in the record is decisive of this case. In no sense can the possession of the plaintiff, upon which the action is founded, be said to have been peaceable. On the contrary, the evidence upon the part of the plaintiff exhibits a constant and protracted struggle between himself and the defendant, Butler, of the most bitter and violent character,

such as the tearing down of fences and the destruction of the material by burning. Butler had torn down the fences in 1866 and had continued to do so down to the time of bringing the action. Mrs. Voll herself, one of the principal witnesses for the plaintiff, in detailing the circumstances relied upon to show possession, states that the plaintiff was compelled to desist from putting fences on the premises, "because Butler would bring his mob and tear it down." It is apparent that, under such circumstances, an action of this character cannot be maintained.

Judgment affirmed. Remittitur forthwith.

Neither Mr. Justice CROCKETT nor Mr. Justice NILES expressed an opinion.