Johnson, et al. v. West, et al

JOHNSON ET AL. v. WEST ET AL.

1. PRACTICE IN SUPREME COURT: *No review of errors not excepted to.*
   When both parties acquiesce in the instructions of the circuit court, the supreme court will not consider them on appeal.

2. FORCIBLE ENTRY AND DETAINER: *Judgment for more land than defendant claimed.*
   A defendant in an action for forcible entry and detainer is not prejudiced by the excess of a judgment against him for more land than he claims.

3. UNLAWFUL DETAINER: *Based on contract.*
   Unlawful detainer is a statutory remedy for the benefit of landlords against tenants who hold over after the expiration of their term. It is founded on breach of contract implied by law, if not expressed, and may be maintained either by the lessor, his heir or assignee to whom the land passes.

4. FORCIBLE ENTRY AND DETAINER: *What is.*
   Forcible entry and detainer is a tort, pure and simple. Force is the gist of the action. The remedy is designed to protect the actual possession, whether rightful or wrongful. It must accordingly be shown that the defendant entered without the consent of the person in actual possession, and that the entry or subsequent holding of possession was with force and strong hand. Constructive possession, or evidence that the plaintiff is entitled to possession, or a scramb-

ling possession, as in *Anderson v. Mills, 40 Ark.*, is not sufficient; and a peaceable entry, though unlawful, is not sufficient. Nor does a refusal to give possession unless put out by law, constitute unlawful detainer.

APPEAL from *Benton* circuit court.
Hon. J. H. BERRY, Circuit Judge.

*E. P. Watson, J. M. Pittmnn* and *R. W. Ellis* for appellant.

There must be *actual* possession to sustain forcible entry and detainer. *3 Wash. on Real Prop., 133–4; 28 Cal., 187; 79 N. Y., 93; 60 Mo., 56; Sedgwick and Wait, Trial of Title to Lands, secs. 719–20–21–2–3.* A scrambling or interrupted possession not sufficient. *8 Cal., 500; 45 Ib., 597; 49 Ib., 75.*

It cannot be brought for taking possession of wild land, or land not occupied at the time by any person. *1 Green, N. J.; Butts v; Voorhees, 22 Am. Dec., 489; Hopkins v. Calloway, 3 Sneed, approved in 24 Ark., 575.* Force must be used. *13 Ark., 448;* see also *24 Ark., 575,* where the distinction is drawn between forcible entry and forcible detainer.

Force is the gist of this action, and is never presumed, but must be proved, and must be such as would amount to a breach of the peace. *13 Ark., 448; 27 Ib., 46; 59 Me., 568; Cooley on Torts, p. 323.*

SMITH, J. West and Davis brought forcible entry and detainer against Johnson and seven others for the east half of the northeast quarter, the southwest quarter of the north east quarter, and north half of southeast quarter of section one, township seventeen, north, range, thirty-four west, two hundred acres. The plaintiffs alleged that they were the owners, and entitled to the possession of the land, and in peaceable possession when the defendants on or about the first of September, 1881, unlawfully entered upon and

forcibly took possession of the land, and do now forcibly and without right detain the same after lawful demand therefor. Security having been given, a writ of possession was issued at the commencement of the action and the plaintiffs were placed in possession of the premises.

Three of the defendants answered, alleging that their co-defendants held under them and denying specifically the allegations of the complaint.

On the trial it appeared that the lands were wild and uncultivated. The plaintiffs claimed them by virtue of a purchase from one Elam, who himself claimed under a tax title, but had never got possession. This purchase was evidenced by a bond for title, made July 22, 1881, Elam agreeing to convey the legal title upon the payment of $1,000. On the twenty-fourth of July the plaintiffs went upon the land, encamped there one or two nights, walked around the lines, gave a butcher, who had already established his slaughter-pen on the land, permission to slaughter beef there; employed a man to clear and fence five acres on the southeast quarter of northeast quarter of section one, and then returned home. The hired man about the first of August shrubbed off about one-quarter of an acre in a retired spot, burnt the brush, cut timber, made thirty-five rails and quit the place.

This seems to have been the extent of the possession the plaintiffs had up to September fifth, when the defendants Johnson and Griffith, entered, as lessees of E. P. Watson, upon the east half of northeast quarter of section one. This tract of eighty acres Watson claimed by a title deduced from the original patentee; but he had never taken possession. At that time there were no improvements upon the land except the small patch of cleared ground above mentioned; and even that escaped the observation of Johnson and Griffith for some time. There were no occupants and no signs of occupation. Between the fifth and

twelfth of September Johnson and Griffith hauled upon the land material for building a house. By the seventeenth a stone foundation had been finished, the sleepers laid, the joists put up, and a temporary shelter being erected over this foundation, Johnson and Griffith moved in. The house, in dimensions fourteen by twenty-four feet, was situated on the northeast quarter of northeast quarter of section one. In the morning of the day last mentioned, the noise of hammers was heard in a southern direction from the house. And in the afternoon Johnson and Griffith found that some one had put up two sides of a small box-house, without floor or roof, on the southeast quarter of the northeast quarter. No one, however, was found near, and this being a part of the land they had leased, a notice was posted by them on the side of the house warning the makers of the new improvement to desist and leave the place. Johnson and Griffith completed their house, and were living in it, and preparing to fence and cultivate the land when they were turned out by the sheriff. The plaintiffs also proceeded to finish their box-house, and occupied it for a short time in the month of October, and fenced about seven acres on the northeast quarter of the northeast quarter, but finally returned to their homes, having locked the door and leaving some of their effects behind. After they had gone the defendants entered the house, either by unlocking it from the outside or through a window, and put their co-defendant Triplett in the house as their tenant.

The jury found the issues for the plaintiffs, and the defendants moved for a new trial upon the following grounds:

1. Misdirection of the court.

2. Verdict contrary to law.

3. Verdict not sustained by sufficient evidence.

4-5. Verdict finds the defendants guilty of entering upon

Johnson, et al. v. West, et al.

and detaining with force the whole body of two hundred acres, whereas the proofs show that their entry and claim were confined to eighty acres.

6. The evidence shows no actual possession on the part of the plaintiffs at the time of defendants' entry.

The record discloses that the court gave three instruc-tions, at the instance of the defendants and two of its own motion, and that both sides acquiesced in the enunciation of the law applicable to the case. We therefore decline to consider the first and second assignments.

1. PRAC-TICE IN SUPREME COURT: Errors not ex-cepted to, not re-viewed.

The error alleged in the fourth and fifth assignments did not prejudice the defendants. In this action, upon the execution of a bond, the possession is taken from the defendant and delivered to the plaintiff at the outset; and if the plaintiff finally prevails, the judgment is only for costs. Now, the defendants are not aggrieved by the deliv-ery to the plaintiffs of lands in which the defendants have no sort of interest; nor are the costs of the action ordina-rily enhanced by including a larger quantity of land than is actually in dispute between the parties. Besides, the answer, while it shows that the defendants claim only a part of the lands described in the complaint, does not show what that part is.

2. FORCI-BLE EN-TRY AND DETAIN-ER. Exces-sive judg-ment.

In *Fowler v. Knight, 10 Ark., 43*, it was held that to maintain forcible entry and detainer the plaintiff is not bound to show that he was in actual possession when the defendant entered. But in *McGuire v. Cook, 13 Ark., 449*, in a luminous opinion delivered by CHIEF JUSTICE WATKINS, this was overruled so far as it intimates that this action may be maintained upon a constructive possession, or that when the entry is peaceable, if made without color of title, the law will imply force, or that the plaintiff may recover by showing his right to the possession, without proof that he has actual possession. The last mentioned case, however, was itself afterwards limited by *Bradley v.*

*Hume, 18 Ark., 284,* where it was held that unlawful detainer would lie at the suit of a purchaser of land which, at the time of the purchase, was in possession of a tenant under a lease from the vendor, upon demand, after the end of the term. And this was followed by *Frank v. Hedrick, 18 Ark., 304,* and *Halliburton v. Sumner, 27 Ark., 460.*

3. UNLAW-
FUL DE-
TAINER:
Based on
contract.

The exception is more apparent than real. Unlawful detainer is a remedy provided by statute for the benefit of landlords against tenants who hold over after the expiration of their terms. It is founded on the breach of a contract, implied by law, if not expressed, that the tenant shall restore a permissive possession to the hands from which it was received. And the estoppel of the tenant to deny his landlord's title enures, both as to its benefit and burden, to privies in law, blood and estate. Hence, the tenant can no more resist the title of the lessor when asserted by or in the hands of an assignee than when it was held by the lessor himself.

4. FORCI-
BLE EN-
TRY AND
DETAIN-
ER:
Is a tort.

But a forcible entry and detainer is a tort, pure and simple. Force is the gist of the action. It is a remedy designed to protect the actual possession, whether rightful or wrongful. It must accordingly be shown that the defendant did enter without the consent of the person having the possession in fact of the premises; and that such original entry or subsequent holding of possession was with force and strong hand. Constructive possession or evidence that the plaintiff is entitled to possession is not sufficient. And implied force, as when the defendant enters peaceably, though unlawfully, is not sufficient. *Smith v. Laffery, 27 Ark., 46; Hall v. Trucks, 38 Id., 257.* Furthermore, the plaintiff cannot maintain this action upon a scrambling possession, as we decided in *Anderson v. Mills, 40 Ark.*

Now, it is quite clear that when the defendants made

Johnson, et al. v. West, et al.

their entry, the plaintiffs had not actual possession of the land or any part thereof. Perhaps neither of the parties had such a *bona fide* possession as to justify a resort to this summary remedy. To us it seems that both were maneuvering for position; each seeking to occupy the vantage ground of being defendants in an impending action of ejectment. *DeGraw v. Prior, 60 Mo., 56; Voll v. Butler, 49 Cal., 74.*

But if either party could maintain this action, it was certainly not the plaintiffs. Their improvement, up to the date of the defendant's entry, was merely nominal. The defendants, if they had observed it at all, would have had a right to suppose the project had been abandoned.

Hence the verdict was without evidence to support it on the essential point of a substantial holding by the plaintiffs.

Again: There was no evidence of force used by the defendants beyond that which is requisite to constitute an ordinary trespass. They entered upon unenclosed lands, not occupied at the time by any person. It was done quietly and not tumultuously. No weapons, threats or intimidation were resorted to. And the subsequent taking possession of a vacant house was unaccompanied "by such words and actions as have a natural tendency to excite fear or apprehension of danger." Nor does the refusal of the defendants to get out of the house, unless put out by law, make them guilty of a forcible detainer. See *Butts v. Voorhees, 13 N. J., (1 Green's Law Rep.) 13; same case, 22 Amer. Dec., 489,* decided under a statute from which ours seems to have been copied; *Hopkins v. Calloway, 3 Sneed, 11,* which was quoted with approbation by this court in *Keller v. Henry, 24 Ark., 575.*

Reversed and remanded for a new trial.