CARL SCHWINN, PLAINTIFF IN ERROR, v. RANDOLPH PERKINS, DEFENDANT IN ERROR.

Submitted March 21, 1910—Decided November 14, 1910.

1. Where the rightful owner gains possession of lands by a forcible entry, he may, as punishment for his violence, be deprived of it by the statutory proceeding in favor of one in actual peaceable possession, although not rightfully entitled thereto.

2. It is essential to the maintenance of the action for forcible entry that the complainant should have been in peaceable possession.

3. Mere occupancy or personal presence of the complainant upon the ground does not of itself constitute such possession as will sustain an action of forcible entry.

4. A mere trespasser cannot by the very act of trespass immediately and without excuse, give himself what the law understands by possession against the person whom he ejects. *Brown* v. *Dawson,* 12 *A. & E.* 624, followed.

On error to the Supreme Court, whose opinion is reported in 48 *Vroom* 402.

For the plaintiff in error, *Hartshorne, Insley & Leake.*

For the defendant in error, *Marshall W. Van Winkle.*

The opinion of the court was delivered by

SWAYZE, J.   This was an action of forcible entry and detainer by Schwinn against Perkins in the First District Court of Jersey City.   Prior to August, 1908, Schwinn was in possession of the main front room on the first floor of a house in Jersey City under a lease from Perkins ending November 1st, 1908; there was evidence that on September 3d, 1908, during the term, one Willits was in the room in the employ of the plaintiff as caretaker and watchman.   The plaintiff had there conducted a tailoring business, but about August 16th or 18th had moved to New York all his stock in piece goods and most of the things necessary to do business.   He testified, however, that he had left part of his property used for trying-

on purposes in the premises and that he also had there a complete set of fall samples; that he did not take down his sign, but had made arrangements to do so, intending to use it in New York. On September 3d Willits was forcibly ejected from the premises by the defendant. The evidence of force was sufficient to bring the case within the statute relating to forcible entries and detainers. The defendant sought to prove that he had had possession from the twenty-first day of August under an agreement for surrender of the term between him and Schwinn, and he offered evidence that the plaintiff had contracted to have his sign taken down; that another person was in possession of the premises, and that his own representatives had been in possession of the premises in August; in short, he offered evidence of a parol surrender of the lease executed by an actual possession. *Miller v. Dennis*, 39 *Vroom* 320 (at *p.* 323). This evidence was rejected, and the trial judge directed a verdict in favor of the plaintiff; judgment was entered that Schwinn, the plaintiff, be restored to the possession of the premises specified in his complaint, and recover treble costs. The judgment was reversed by the Supreme Court.

The only question we think it necessary to consider is whether a parol surrender executed by an actual possession would constitute a defence in an action of forcible entry and detainer. The peculiarities of this action have been frequently dwelt upon by the courts, and the difficulties have arisen out of the seeming injustice of a judgment restoring the possession of property to one not rightfully entitled thereto. The difficulties are well illustrated by the prolonged litigation in *Newton v. Harland*, 1 *Man. & G.* 644. In *Harvey v. Brydges*, 14 *Mees. & W.* 437, Baron Parke said: "If it were necessary to decide it, I should have no difficulty in saying, that where a breach of the peace is committed by a freeholder, who in order to get into possession of his land, assaults a person wrongfully holding possession of it against his will, although the freeholder may be responsible to the public in the shape of an indictment for a forcible entry, he is not liable to the other party. I cannot see how it is possible to doubt, that

it is a perfectly good justification to say that the plaintiff was in possession of the land against the will of the defendant, who was owner, and that he entered upon it accordingly; even though, in so doing, a breach of the peace was committed." It is evident that his view was that in such a case the only remedy was by an indictment for the forcible entry and detainer, and that a civil action to redress the private wrong would not lie. These cases were, however, actions of trespass, did not necessarily involve the construction of the Forcible Entry and Detainer act, and are not inconsistent with the view that one who is in possession and wrongfully evicted by force may be entitled to be restored to the possession in the method prescribed by the act. *Beddall* v. *Maitland,* 17 *Ch. Div.* 174, was a case of forcible entry, and Mr. Justice Fry distinctly held that there was no civil remedy for the forcible entry alone, unaccompanied by some independent wrong. Our Supreme Court, however, has held that trespass can be maintained. *Thiel* v. *Bull's Ferry Land Co.* 29 *Vroom* 212. Mr. Pollock says (*Poll. Torts* 312) : "The correct view seems to be that the possession of a rightful owner gained by forcible entry is lawful as between the parties, but he shall be punished for the breach of the peace by losing it besides making a fine to the King."

The opinion as to the right of the party who is forcibly dispossessed to bring an action of trespass, expressed by the learned Chief Justice in Thiel *v.* Bull's Ferry Land Co., was referred to, but neither approved nor disapproved, by this court in *Mershon* v. *Williams,* 33 *Vroom* 779, 784, 785. It is not involved in the present case. We think that under the statute, which forbids an inquiry into the estate or merits of the title, the plaintiff, even though his possession may be wrongful, is entitled to recover possession by this statutory action where he is ejected by violence, whether he is or is not entitled to sue in trespass for damages. It is essential, however, to the maintenance of the action that he should have been in peaceable possession. The old forms of indictment for forcible entry and detainer contained that allegation. 3 *Chit. Crim. L.* *1123, *1124; 2 *Burn Just.* 220.

The reported cases in this state where the statutory action is brought by the person injured sustain the same view. *Mairs* v. *Sparks,* 2 *South.* 592 (at *p.* 594); *Berry* v. *Williams,* 1 *Zab.* 423 (at *p.* 427); *Funkhauser* v. *Colloty,* 38 *Vroom* 132 (at *p.* 135). The peculiar section of our act which was the subject of discussion in *Mason* v. *Powell,* 9 *Id.* 576, recognizes the necessity of possession and the language of the act is: "If any person shall enter upon or into any lands, tenements, or *other possessions;*" the judgment, if in favor of the complainant, is followed by a writ of restitution directed to the sheriff to cause the complainant to be reseized or repossessed. *Gen. Stat., p.* 1598, *pl.* 13.

The important question now presented, one of the difficult and important questions of the law, is what constitutes possession. The learned trial judge seems to have thought that mere occupancy was possession in the view of the law, a not uncommon confusion of thought to which the Court of Appeals of New York called attention in *Mygatt* v. *Coe,* 142 *N. Y.* 78 (at *p.* 85). The distinction has been touched upon in our own cases. *Corlies* v. *Corlies,* 2 *Harr.* 167, was an action for forcible entry and detainer. Mr. Justice Dayton, in dealing with the averments of the complaint, said that the complainant must have had actual possession of the premises, and that an averment that he and his horses and wagon were pushed and backed off the premises, when coupled with an averment of seizin in fee-simple, did not suffice, since it might be true that he was actually on the premises, but was there only by accident or as a visitor or trespasser. That mere occupancy or personal presence upon the ground is not sufficient to constitute that possession which the law clothes with legal rights is shown by a few illustrations. There may be possession without occupancy, as where a man's servant is in the actual occupancy of the property holding possession for him, or where a man has temporarily gone out of his house, leaving no one in charge, but still having legal possession; and there may be a case of occupancy without possession, as where in a man's absence a mere stranger, visitor or trespasser, goes into his house without claim of right. In Bacon's Abridgment,

under the head of "Forcible Entry and Detainer" (4 *Bac. Abr. (Am. ed.)* 328), it is said: "A man who breaks open the doors of his own dwelling or of a castle which is his own inheritance but forcibly detained from him by one who claims the bare custody of it, cannot be guilty of a forcible entry or detainer within the statute," and *Ex parte Shotwell, Ashm.* 140, is quoted, as authority for the statement that the possession of the prosecutor must be quiet, peaceable and actual, not a mere scrambling possession. Archbold (2 *Arch. Cr. Pl.* 331) cites this passage as the law. In a recent philosophical treatise (*Poll. & W. Poss.*) it is said that whether legal possession shall follow physical possession or not is a point of law; and that whether there exists at the date in question between a given person and a given thing the relation of physical possession or occupation is wholly or mainly a matter of fact. (*Page* 10.) The distinction thus made between occupancy or physical possession and legal possession appears very clearly when the case is presented of two persons in the occupancy of the same property. Littleton (section 701, Wambaugh's edition 314) says that "If A. be seized of a mese (*i. e.,* a house including buildings, curtilage, orchard and garden, *Co. Litt.* 56a) and F. that no right hath to enter into the same mese claiming the said mese to hold to him and to his heirs entereth into the said mese, but the said A. is then continually abiding in the same mese; in this case the possession of the freehold shall be always adjudged in A. and not in F. because in such case where two be in one house or other tenements and the one claimeth by one title and the other by another title, the law shall adjudge him in possession that hath right to have the possession of the same tenements." Bacon's Abridgment (4 *Bac. Abr.* 327) cites Dalton, "if two are in possession of a house and the one enters by one title and the other by another, he that hath the right shall be supposed to be in the possession." It is said in *Poll. & W.* 19: "We must have some positive rule to meet the case of a thing which is the object of dispute and so evenly disputed that no claimant can be said to have the *de facto* possession rather than another. It might

conceivably be held that legal possession is in suspense as well as the physical possession. But the common law does not so hold; it prefers, in the absence of a decisive state of fact, to make legal possession follow the better right." Although the authors last cited were not dealing with cases involving force, the citations are important as showing the difficulties that arise in determining the question of actual possession, which alone is important in an action of forcible entry and detainer.

The illustrations last given are quite like the case at bar. If Perkins had been allowed and able to prove what he offered to show, he would have established a prior possession of the premises in dispute, with the acquiescence of Schwinn. This, as the Supreme Court said, did not involve any questioning of Schwinn's title or estate, but only the question of his assent to Perkins' actual possession. While Perkins may not have been physically present in the premises at all hours, if he had taken possession in execution of a parol surrender of the lease, he was legally in possession of the property, and thereafter any attempt by Schwinn to resume possession was a trespass. A mere trespasser may be forcibly ejected if no more force than is necessary for the purpose is used; it is only when a trespasser has ceased to be a mere trespasser and his occupancy has ripened into a possession, although it may be a wrongful possession only, that the statute relating to forcible entry and detainer becomes applicable. We agree with the statement of Pollock that a mere trespasser does not gain possession until there has been something like acquiescence in the physical fact of his occupation on the part of the rightful owner. *Poll. Torts* 312. This was the view taken by Lord Denman in *Brown* v. *Dawson,* 12 *Adolph. & E.* 624 (at *p.* 629). He says: "A mere trespasser cannot, by the very act of trespass, immediately and without acquiescence, give himself what the law understands by possession against the person whom he ejects, and drive him to produce his title, if he can, without delay, reinstate himself in his former possession." The use of the word "former" in connection with possession seems to be inaccurate, as the possession

can hardly be said to have been terminated by the act of trespass if the trespasser did not himself gain possession by that act alone. It is difficult to say what will suffice to enlarge a mere occupation into a legal possession. Some light is thrown upon the subject by the passage from Bracton quoted by the Supreme Court of Massachusetts in *Page* v. *Dwight,* 170 *Mass.* 29; *Bract.* 162b. Bracton is dealing with a case of disseisin and says: "The first and principal remedy is of this kind, namely, that he who has been disseised, may reject the spoiler by his own strength if he can, or by strength which he has called in or recalled, provided no interval has elapsed, the disseisin or misdeed being flagrant." Bracton's expression as translated, "provided no interval has elapsed," hardly differs from Lord Denman's expression six centuries later, "without delay." In such a case as Mr. Justice Barker suggests in *Page* v. *Dwight,* the forcible entry and the recapture are but one transaction, and the recapture is not a forcible entry, but a successful and proper resistance of a forcible entry; all that has been done is to resist successfully a wrongful act. It would be a travesty of law, if a man could enter my house and defy me to protect my own possession except by the slow process of the courts; and if I am in possession, it can make no difference whether the trespasser enters by force or by stealth. The act as to forcible entries and detainers was for the protection of those who already had actual and peaceable possession, not for those who newly acquired a mere foothold by force or by stealth. No distinction in the two methods is made by the books, and in *Mason* v. *Powell,* 9 *Vroom* 576, the entry which was held to be a forcible entry was made in the absence of the rightful possessor and without any breach of the peace. These views are in harmony with the expressions of our own courts. *Mairs* v. *Sparks,* 2 *South.* 513 (at *p.* *516), and *Mercereau* v. *Bergen,* 3 *Gr.* 244 (at *p.* 247). These cases are similar to the present. If Perkins took possession in August in execution of Schwinn's surrender, that possession was in him still unless Schwinn had in some way acquired a new possession, and the jury might have found that Perkins, instead of acquiescing, undertook to resist

what amounted, under the decision in Mason *v.* Powell, to a forcible entry by Schwinn, and, so far from being himself guilty of a forcible entry, was only defending his already existing possession against a mere trespasser. The Massachusetts Supreme Court has reached the same result in a similar case. *Hodgkins* v. *Price,* 132 *Mass.* 196. The court said: "The process is for the purpose of restoring one to a possession which has been kept from him by force. It is not a process against a party who resists the right of possession by force, but it is for an interference with an actual possession. The claim that this plaintiff was ever in possession of this estate is simply preposterous. He had no more possession of it than he would have had of one of the rooms of the building if he had gone into such room and said to the occupant of it, 'I have come to take possession of this room. Here I am, in possession; you will please to go out. I propose to hold this by force and if you attempt to remove me by force, then the weaker of us on being ejected will bring an action of forcible entry and detainer against the other.' But to make this illustration precisely analogous we will say that this party instead of calling in at the place of business when the tenant was there, took the opportunity while he had gone to dinner to clamber through the transom window over his door, and in the mode before suggested salute him upon his return. It would be a disgrace to the law and to all concerned in the administration of it to say that a possession thus forcibly obtained, before the business hours of the day from one who is in actual peaceable occupation of the premises, is to be protected and restored by the law when the actual occupant shall resume his occupation."

If the rejected evidence had been received it would have presented a question for the jury whether the plaintiff's agent Willits was occupying the premises under such circumstances as amounted to a legal possession or whether Perkins had the legal possession by virtue of an executed surrender. We think the evidence should have been received and that the Supreme Court was right in reversing the judgment of the District Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON, JJ. 12.

*For reversal*—None.