## JONES v. CZAZA et al.

Eastern Section.   April 13, 1935.

Petition for Certiorari denied by Supreme Court, October 12, 1935.

D. O. Harris, of Harriman, for appellant.

J. W. Stone, of Harriman, and Mae R. Stricklin, of Wartburg, for appellees.

McAMIS, J. Complainant below has appealed from a dismissal of his suit brought in the chancery court of Morgan county to enjoin defendants from entering upon two tracts of land containing 122 acres and 160 acres, respectively, both described in the bill. A further purpose of the bill was to perpetually restrain defendants from interfering with the buildings, inclosures, and improvements alleged to have been erected by complainant on the land.

We will herein refer to the parties, for convenience, as complainant and defendants, according to their status in the chancery court.

The facts are without material controversy, but it is necessary briefly to state the history and background of the issues presented.

John Czaza purchased one of the involved tracts during the year 1908 and the other in 1912, and he and his successors have paid the taxes on the land since the date of the respective purchases. About the year 1913 John Czaza fenced the property and grazed sheep on it and perhaps some cattle until the year 1917. The fence remained as an inclosure of virtually the entire property until about 1923, when it was taken down by the then owners of the property. Defendant Czaza and those represented by him as agent acquired the property in 1920 by the will of John Czaza.

In July, 1932, Frank Czaza made a trip to Morgan county, Tennessee, where the land is located, intending to sell the timber on the land. During the timber negotiations he noticed some men engaged in building a fence on the property. He immediately demanded that they desist. The workmen told him that they knew it was his property and agreed to stop work on the fence, but when defendant Czaza returned the following day he found that an inclosure had been completed on each tract, embracing about one acre each. He immediately had the wire cut down, the posts removed, and the post holes filled in.

Complainant, thereupon, instituted this suit alleging that under proper assurance of title he was in the peaceable, exclusive, adverse, and open possession of the property at the time defendants entered upon the premises and cut down and destroyed the fences placed on said property by complainant.

It is shown in proof that the improvements put on the property by complainants consisted solely of the fencing around the two one-acre tracts. It is shown, however, that the undergrowth had been cut on the inclosed tracts and some of the trees cut, but that it was not then in cultivation and no one was living on either tract. It is not shown when complainant began work on the fences, but complainant's deed is dated July 2, 1932, although it was not delivered until July 5, 1932. The bill in this case was filed on July 22, 1932, and complainant's deed was recorded July 26, 1932. So it would seem complainant could not have been at work on the property more than a few days prior to the time the fences were destroyed by defendant Czaza.

Complainant, treating the suit as one for recovery of possession of the land, did not undertake to deraign his title but merely filed his deed to the property. He admits that his predecessor in title did not have possession of the land when it was conveyed to him.

Defendants, however, over the objections of complainant, were permitted to deraign title and established an unbroken chain of recorded title back to the state.

Counsel for complainant maintains that the suit is one of forcible entry and detainer involving only the right to the possession of the land and that, under the general and familiar rule, questions of title are not involved.

We cannot fully agree with this construction of the bill filed in this case. The bill does not allege the property to be in the possession of defendants, but merely alleges that they had "entered" upon the property and destroyed improvements, etc. A forcible entry and detainer suit would not lie except against one in possession of the property. Moreover, there is no prayer that complainant be restored to his possession of the property, but the gravamen of the prayer of the bill is that the court protect his possession of the property by enjoying further acts of depredation by defendants.

But assuming that the purpose of the suit is to oust defendants from the land and place complainant in possession of it, still it is very patently more than that, for it seeks the court's protection by means of a perpetual injunction prohibiting a threatened trespass upon complainant's possession of the land.

It seems to us not open to debate that before the court should perpetually enjoin a defendant from entering upon the property, it should not deny him the right to show a perfect title in himself, and we think the chancellor properly refused to blind himself to a showing of title, and rights flowing from title, in the parties against whom the injunction was sought.

We are further of opinion that evidence of title may properly be introduced in an equity proceeding involving purely possessory rights to land. It was so held in Brown v. Grayson, 160 Tenn., 374, 24 S. W. (2d), 894, citing William Redmond v. Bowles, 5 Sneed (37 Tenn.), 547, 551, 73 Am. Dec. 153.

The assignment here made complaining of the admission of evidence deraigning defendants' title is, therefore, overruled.

We are of opinion complainant cannot maintain the instant suit for the reason that he had no more than a scrambling possession of the property at the time this suit was instituted.

It is true that he erected the inclosures already alluded to but he completed them after defendant had challenged his right to do so and after defendant Czaza had been led to believe that those engaged in building the fences as complainant's agents would discontinue work on them. Complainant's agents, in breach of that

agreement and after leading defendant Czaza to believe they would not do so, completed the inclosures. Immediately upon discovering that he had been deceived, defendant, without any breach of the peace, destroyed the fences on both tracts. Possession obtained by the perpetration of a fraud or by stealth cannot be made the predicate of an action of forcible entry and detainer.

■ Such possession as complainant had was scrambling and inchoate, and devoid of substance or continuity. The action of forcible entry and detainer was created for the protection of those who already have actual and peaceable possession, not for one who has newly acquired a mere foothold or semblance of possession. Rook v. Godfrey, 105 Tenn., 534, 58 S. W., 850; Schwinn v. Perkins, 79 N. J. Law, 515, 78 A., 19, 32 L. R. A. (N. S.), 51, 21 Ann. Cas. 1223; 26 C. J., 817, sec. 44.

It cannot be said that complainant's possession was peaceable when his rights were challenged by defendant Czaza even while the fences were being constructed and the inclosures destroyed as soon as completed, or that his possession was continuous and uninterrupted.

■ We are aware that it is not required that a plaintiff in a forcible entry and detainer suit be in possession for any particular length of time before he can maintain the suit, but his possession must be actual, peaceable, exclusive, adverse, and continuous in the sense that it must not be an interrupted or scrambling possession. 26 C. J., 817.

A case much in point here because of similarity of facts is Dyer v. Reitz, 14 Mo. App., 45. In that case, on or about the day defendant began to use lots that had been vacant for a long time, plaintiff erected a fence about them, which was within 48 hours removed and another fence built by defendants. The court held that the building of the fence by plaintiff was not such possession as would support an action of forcible entry and detainer.

"As between two parties struggling for possession, neither can maintain an action of forcible entry and detainer against the other until he has acquired an actual possession which has ripened into a peaceable occupation." Castro v. Tewksbury, 69 Cal., 562, 11 P., 339, 340; House v. Keiser, 8 Cal., 499; Hoag v. Pierce, 28 Cal., 187; Warburton v. Doble, 38 Cal., 619; Conroy v. Duane, 45 Cal., 597; Voll v. Butler, 49 Cal., 74; Keen v. Schweigler, 70 Mo. App., 409. See other cases collected and briefed in 21 Ann. Cas., 1227, 1228.

For the reasons indicated there is no error in the decree below, and it is affirmed, with costs.