# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 44894

| | |
|---|---|
| CHAD BARNES and JANE BARNES, husband and wife,<br><br>      Plaintiffs-Appellants,<br><br>v.<br><br>KIRK JACKSON, an individual,<br><br>      Defendant-Respondent. | Twin Falls, November 2017 Term<br><br>2018 Opinion No. 4<br><br>Filed: January 9, 2018<br><br>Karel A. Lehrman, Clerk |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

The judgment of the district court is <u>affirmed</u>. Costs on appeal are <u>awarded</u> to respondent.

Holden, Kidwell, Hahn & Crapo, PLLC, Idaho Falls, attorneys for appellant. D. Andrew Rawlings argued.

Merrill and Merrill, Chartered, Pocatello, attorneys for respondent. Mary E. Shea argued.

_____

JONES, Justice.

## I. NATURE OF THE CASE

This is an appeal from a district court's order granting summary judgment and dismissing a lawsuit brought by Chad and Jane Barnes ("Barnes[1]") against Kirk Jackson ("Jackson"). In 2014, Barnes filed suit against Jackson seeking a declaration of forfeiture as to Jackson's water right ("Jackson's Right"). Barnes alleged that Jackson's Right was unused for the five-year statutory period and was therefore forfeited. The district court granted summary judgment in favor of Jackson. We affirm.

---

[1] Although the plural form, "Barneses," is grammatically correct, we will refer to the Barneses in the singular form in the interest of simplicity and readability.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Craig Bloxham ("Bloxham") was the sole owner of a water right (the "Parent Right"), which was issued to him in the Snake River Basin Adjudication ("SRBA") in 2004. Bloxham was the predecessor-in-interest to both parties in this appeal, *i.e.*, Jackson's Right and Barnes' water right ("Barnes' Right") were created by the splitting of the Parent Right. The Parent Right was diverted from a source known as Spring Creek.

On April 26, 2012, Jackson purchased a portion of Bloxham's property with the intent to live there and plant a twenty acre orchard to be irrigated by Spring Creek. Because Jackson did not purchase the entire Bloxham property, the water right appurtenant to the property was split in proportion to the division of land. On May 31, 2012, Jackson filed a Notice of Change of Water Right Ownership with the Idaho Department of Water Resources (the "IDWR"). The Parent Right was split into Water Right No. 29-14031, which Bloxham retained, and Jackson's Right. On January 31, 2014, Barnes purchased the remaining portion of Bloxham's property and obtained the water right appurtenant thereto (Barnes' Right).

On August 29, 2014, Barnes filed a Complaint wherein he sought a declaration of forfeiture as to Jackson's Right. On January 15, 2016, Barnes moved for summary judgment arguing that Jackson's Right was not put to beneficial use from 2004 to 2012 and should therefore be forfeited. This assertion was based on the affidavit of Bloxham, who stated that he had not irrigated that portion of land, which later became Jackson's land, from 2004 to 2012. On November 17, 2016, the district court issued a Decision on Motion for Summary Judgment (the "Summary Judgment Decision").

In the Summary Judgment Decision, the district court began by analyzing whether five years of nonuse had accrued on the Parent Right. The district court rejected Barnes' assertion that Jackson's Right should be forfeited because the Parent Right was not used to irrigate the land appurtenant to Jackson's Right from 2004 to 2012. The district court stated that any kind of forfeiture, even partial, relates to the water right's nonuse, not the extent of the use/nonuse within the property to which the water right is appurtenant. Thus, simply because Bloxham chose not to irrigate the land that would later become Jackson's property does not mean that Bloxham forfeited the portion of the Parent Right that would later become Jackson's Right. The district court continued, reasoning that because Bloxham never forfeited the Parent Right, the statutory period restarted in 2012, when Jackson obtained his right. However, because that five-year

2

period would need to run until April 2017, the five-year period had not accrued when Barnes filed the Complaint on August 29, 2014.

The district court acknowledged that its holding was dispositive, but nonetheless addressed Jackson's resumption-of-use defense. The district court explained that, under the resumption-of-use doctrine, statutory forfeiture is not effective if, after five years of nonuse, an appropriator resumes use prior to the assertion of a claim of right by a junior appropriator. The district court noted that Jackson had used the water as early as 2012—two years before Barnes purchased his property; therefore, Barnes was barred from asserting that he had relied upon Jackson's unused water since 2012. The district court acknowledged Barnes' related argument— that he was somehow connected to his predecessor in interest, Bloxham, and therefore could assert Bloxham's claim of right. However, the district court noted that there was no statutory or legal basis for the position. A Judgment was issued, which dismissed the case with prejudice.

On December 1, 2016, Barnes filed a Motion for Reconsideration, which was denied on January 25, 2017. On March 3, 2017, Barnes filed a notice of appeal.

### III. ISSUE ON APPEAL

1.      Did the district court err by granting summary judgment in Jackson's favor?

### IV. STANDARD OF REVIEW

"On appeal from the grant of a motion for summary judgment, this Court utilizes the same standard of review used by the district court originally ruling on the motion." *Arregui v. Gallegos-Main*, 153 Idaho 801, 804, 291 P.3d 1000, 1003 (2012). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [Idaho Rule of Civil Procedure] 56(c). . . . "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Lapham v. Stewart*, 137 Idaho 582, 585, 51 P.3d 396, 399 (2002).

*Safaris Unlimited, LLC v. Von Jones*, 158 Idaho 846, 850, 353 P.3d 1080, 1084 (2015) (quoting *Conner v. Hodges*, 157 Idaho 19, 23, 333 P.3d 130, 134 (2014)).

When an action will be tried before the court without a jury, the judge is not constrained to draw inferences in favor of the party opposing a motion for summary judgment but rather the trial judge is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts.

3

*Loomis v. City of Hailey*, 119 Idaho 434, 437, 807 Idaho 1272, 1275 (1991) (citing *Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982); *Blackmon v. Zufelt*, 108 Idaho 469, 700 P.2d 91 (Ct.App.1985)).

> The district court may grant summary judgment to a non-moving party even if the party has not filed its own motion with the court. A motion for summary judgment allows the court to rule on the issues placed before it as a matter of law; the moving party runs the risk that the court will find against it . . . .

*Harwood v. Talbert*, 136 Idaho 672, 677, 39 P.3d 612, 617 (2001).

## V. ANALYSIS

**A.      The district court did not err by granting summary judgment in Jackson's favor.**

Barnes argues that Jackson's Right was forfeited because it had not been applied to the beneficial use for which it was appropriated for at least five consecutive years. Specifically, Barnes contends that Bloxham caused Jackson's Right to be forfeited because Bloxham did not irrigate the land that became Jackson's property. Barnes also argues that the "no control" exception does not prevent the forfeiture of Jackson's Right because water was always *legally* available to the Parent Right. Lastly, Barnes argues that the resumption-of-use doctrine does not prevent the forfeiture of Jackson's Right because Jackson did not resume use before a claim of right was asserted—either by Bloxham or by Barnes.

Idaho Code section 42-222(2) provides:

> All rights to the use of water acquired under this chapter or otherwise shall be lost and forfeited by a failure for the term of five (5) years to apply it to the beneficial use for which it was appropriated and when any right to the use of water shall be lost through nonuse or forfeiture such rights to such water shall revert to the state and be again subject to appropriation under this chapter; except that any right to the use of water shall not be lost through forfeiture by the failure to apply the water to beneficial use under certain circumstances as specified in section 42-223, Idaho Code.

I.C. § 42-222(2).

This Court has held, however, that forfeitures are disfavored under Idaho law. *Aberdeen-Springfield Canal Co. v. Peiper*, 133 Idaho 82, 87, 982 P.2d 917, 922 (1999). Indeed, there are defenses and exceptions to forfeiture, two of which are relevant to this appeal: (1) the "no control" exception; and (2) the resumption-of-use defense.

The "no control" exception is codified in Idaho Code section 42-223(6), which provides: "No portion of any water right shall be lost or forfeited for nonuse if the nonuse results from

4

circumstances over which the water right owner has no control. Whether the water right owner has control over nonuse of water shall be determined on a case-by-case basis." I.C. § 42-223(6). The availability of water qualifies as a circumstance over which an appropriator has no control. That is, "for a water right to be forfeited water must be available to satisfy the water right during the alleged period of non-use." *In Re SRBA Case No.39576, Subcase No. 65-05663B, Order of Partial Decree*, Idaho Dist. Ct. for the 5th Judicial District (May 9, 2002), p. 32–33 (Burdick, J.) ("*Wood v. Troutt*"). Similarly, this Court recently held that a senior water right holder was "entitled to the full measure of its rights, subject to availability of water." *Idaho Ground Water Ass'n v. IDWR*, 160 Idaho 119, 132, 369 P.3d 897, 910 (2016).

The resumption-of-use doctrine is a defense to forfeiture if, after five years of nonuse, the appropriator resumes use prior to a claim of right by a third party. *Sagewillow, Inc. v. IDWR*, 138 Idaho 831, 836, 70 P.3d 669, 674 (2003). This Court clarified the resumption-of-use doctrine in *Sagewillow*. In 1989, the plaintiff—Sagewillow—purchased property with appurtenant water rights allowing for irrigation of over 2,300 acres; however, for approximately twenty years prior to the purchase, the prior owner had irrigated only half of that amount. *Id.* at 835, 70 P.3d at 673. Between 1991 and 1993, Sagewillow gradually expanded its irrigation to 2,390 acres. *Id.* In 1994, Sagewillow filed several transfer applications with the IDWR seeking to change the places of use for six groundwater rights. *Id.* Other appropriators protested the transfers. *Id.* The IDWR held a hearing and declared a forfeiture, which limited Sagewillow's water use to that of its predecessor—1,412 acres. *Id.* Specifically, the IDWR held: "The existence or establishment of a junior water right is sufficient claim to the water. The resumption doctrine cannot restore portions of water rights forfeited by Sage Willow's [sic] predecessor in interest to the detriment of other water right holders." *Id.* at 836, 70 P.3d at 674. In other words, the IDWR held that the mere existence of junior appropriators negated Sagewillow's resumption-of-use defense.

On appeal, this Court held that the IDWR's forfeiture order was based on an erroneous statement of the resumption-of-use doctrine; accordingly, this Court vacated the IDWR's order. *Id.* at 842, 70 P.3d at 680. This Court clarified the resumption-of-use doctrine, stating:

> "[A]lthough statutory abandonment did actually occur, the forfeiture is not effective if, after the five-year period, the original owner or appropriator resumed the use of the water prior to the claim of right by a third party." *Carrington v. Crandall*, 65 Idaho 525, 531–32, 147 P.2d 1009, 1011 (1944).

5

*Id.* at 836, 70 P.3d at 674. Therefore, to avoid forfeiture, resumption-of-use must occur prior to a "claim of right" by a third party. *Id.* A third party has made a "claim of right" if he has: (1) "instituted proceedings to declare a forfeiture;" (2) "obtained a valid water right authorizing the use of such water with a priority date prior to the resumption of use;" or (3) "used the water pursuant to an existing water right." *Id.* at 842, 70 P.3d at 680. This Court held that Sagewillow could not invoke the resumption-of-use doctrine if a junior appropriator had made a prior claim of right by putting the unused water to a beneficial use. This Court remanded the case to the IDWR because such a finding was not made. *Id.*

Here, the district court granted summary judgment in Jackson's favor after holding that: (1) Bloxham did not partially forfeit the Parent Right merely because he chose not to irrigate the land that would later become Jackson's property; and (2) Barnes' claim of right against Jackson's Right was ineffective because the statutory period restarted in 2012, when Jackson obtained his right, and that five-year period would need to run until April 2017.

We affirm the district court's Judgment. We need not address Barnes' argument that Bloxham partially forfeited the Parent Right by not irrigating the land appurtenant to Jackson's Right because *even if* partial forfeiture occurred, that partial forfeiture was excused by the "no control" exception. In the Summary Judgment Decision, the district court stated that "Bloxham has never testified that he failed to use his full water right. To the contrary, he has stated that 'there is typically not enough water to supply all of the water rights on the system.'" Further, the district court found that "Bloxham never indicated any instance where he did not use his full amount, or in the least, the full amount available to him." The district court reiterated its finding on this issue in its Decision on Motion for Reconsideration, stating: "Bloxham beneficially used his water right, all that was available to him, at all relevant times in question. . . . Bloxham used his water right period." Barnes has failed to identify any instance where Bloxham failed to use all of the water that was available to him under the Parent Right.

Because Bloxham's alleged partial forfeiture was excused by the "no control" exception, the analysis turns to whether Jackson partially forfeited his water right after it was issued in 2012. Barnes argues that he asserted a claim of right by filing the Complaint in 2014; thus, Jackson's Right should be limited to the amount that was beneficially used in 2012 and 2013. However, as stated in *Sagewillow*, a claim of right may only be asserted after five years of

6

nonuse; therefore, Barnes' claim of right, *i.e.*, filing a complaint to declare forfeiture, was ineffective because it was filed on August 29, 2014—approximately two years too early.

Barnes' novel claim that he is entitled to assert the claim of right that Bloxham made against Jackson's Right in 2012 is unpersuasive. Barnes asks this Court to find that Bloxham asserted a claim of right to water that he had allegedly previously forfeited. In other words, Barnes urges this Court to find the following: (1) Bloxham partially forfeited the Parent Right for five years prior to selling the land to Jackson; (2) at the moment Bloxham sold Jackson his land, Bloxham became a third party as to Jackson's Right; and (3) as a third party, Bloxham asserted a claim of right against Jackson's Right, *i.e.*, Bloxham relied on his own previous partial use. Barnes' claim is meritless considering that any partial forfeiture by Bloxham was excused by the "no control" exception. Moreover, Barnes' argument is illogical and has no basis in statute or case law. As the holder of the Parent Right, Bloxham could not simultaneously be both: (1) the owner of the property able to partially forfeit a water right; and (2) the third party in interest/junior appropriator able to prevent resumption of a water right. In sum, an appropriator cannot rely on water that he had previously forfeited.

Because Barnes has failed to present facts that would support a finding that Bloxham did not use all of the water that was available to the Parent Right and filed the Complaint before the five-year period of nonuse had run, the district court did not err when it ruled that Jackson's Right was not forfeited.

## VI. CONCLUSION

We affirm the district court's Judgment. Neither party requested attorney fees on appeal. Costs on appeal, as a matter of right, are awarded to Jackson.

Chief Justice BURDICK, Justices HORTON, BRODY and BEVAN, CONCUR.

7